PEOPLE v SEXTON

Docket No. 55446. Submitted December 10, 1981, at Lansing.—Decided February 3, 1982.

James A. Sexton was convicted, on his plea of guilty, of armed robbery and possession of a firearm during the commission of a felony, Jackson Circuit Court, Russell E. Noble, J. Prior to sentencing, Judge Noble met with another Jackson circuit judge who was also about to sentence Sexton for similar offenses in an unrelated case. Defendant appeals, alleging that the conference between the judges deprived him of several rights. *Held:*

The conference between the judges regarding the proper sentence to be imposed based upon the information in the presentence report did not constitute a violation of any of the defendant's constitutionally protected rights, nor was he denied his right to allocution.

Affirmed.

CRIMINAL LAW — SENTENCING — CONSTITUTIONAL LAW — PRESENTENCING PROCEDURE.

A conference between two judges concerning the appropriate sentences to be imposed upon a defendant, based upon the information in the presentence report, where the defendant was to be sentenced by each of the judges for identical offenses, in two separate cases, did not violate the defendant's constitutional right of confrontation, right to counsel and right to be present at a critical stage of the proceedings, nor did it deny

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 527-532.

21A Am Jur 2d, Criminal Law § 723.

Federal constitutional right to confront witnesses—Supreme Court cases. 23 L Ed 2d 853.

Due process requirements of presentence procedure following conviction. 3 L Ed 2d 1808.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief. 20 ALR2d 1240.

the defendant his right to allocution where he was given the opportunity to address the court prior to sentencing (US Const, Am XIV; Const 1963, art 1, § 20).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Herb Jordan,* Assistant State Appellate Defender, for defendant on appeal.

Before: MACKENZIE, P.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of 6 to 20 years for the robbery conviction and to the mandatory 2-year term for the felony-firearm conviction.

The record indicates that, prior to the imposition of the sentence, the judge met with another circuit court judge who was also about to sentence defendant on identical offenses which occurred in the same county. Defendant argues that this discussion violated his right to confrontation, right to counsel and his right to be present at a critical stage of the proceedings. US Const, Am XIV; Const 1963, art 1, § 20. Defendant also claims that the conference between the judges denied him his right of allocution. We reject both claims of error.

Defendant has cited no case which supports the proposition that a judge cannot confer with another judge about the imposition of a proper sentence based upon the information contained in a presentence report. We find that this practice does not constitute a violation of any constitutionally

protected right.[1] Also, defendant was not denied his right of allocution. The record indicates that defendant and his counsel were afforded ample opportunity to address the court prior to the imposition of the sentence.

Affirmed.

---

[1] Defendant relies on *People v Oliver,* 90 Mich App 144; 282 NW2d 262 (1979), which is distinguishable from the present case. The *Oliver* Court concluded that it was constitutionally impermissible for the sentencing judge to confer with a probation officer in the absence of defendant and defense counsel because the probation officer could impart information not contained in the presentence report. The instant case does not involve the disclosure of irrebuttable information obtained from a third party to the case. Here, the sentencing judge was merely conferring with another judge concerning the presentence report, already made available to defendant.

At oral argument defendant also cited *People v Von Everett,* 110 Mich App 393; 313 NW2d 130 (1981). That case too is distinguishable from this case since that case involved an in-chambers conference with the prosecuting attorney prior to sentencing.