PEOPLE v POTRAFKA

Docket No. 71419. Submitted August 16, 1984, at Lansing.—Decided
February 19, 1985. Leave to appeal applied for.

Paul V. Potrafka was convicted on his plea of guilty of assaulting
an employee of a place of confinement, Bay Circuit Court,
William J. Caprathe, J. Defendant appealed, alleging that the
trial court erred by considering certain information in deter-
mining defendant's sentence. *Held:*

1. A hearsay statement made by a social worker and con-
tained in the presentence report was properly included therein.
Hearsay information may be included in presentence reports,
as the rules of evidence do not apply to sentencing proceedings.
The trial court properly noted the defendant's objection to the
statement and resolved it on the record.

2. Defendant's claim that the presentence report should not
have contained information about prior arrests which did not
result in convictions was not properly preserved for review.
However, the fact of an arrest may be included in a presen-
tence report, and there was no showing that the court improp-
erly relied on defendant's arrest record.

3. The presentence report contained a reference to a psychi-
atric report prepared at the request of defense counsel. Al-
though such a report may not be used at a trial except in
connection with the issue of mental illness or insanity, the use
of such a report is not precluded at sentencing if it has been
made available to the probation department.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

Information in a presentence report must include inquiry into the
defendant's antecedents, character and circumstances, an eval-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law §§ 79, 527.
Due process requirements of presentence procedure following con-
viction. 3 L Ed 2d 1808.
Validity and construction of statutes providing for psychiatric
examination of accused to determine mental condition. 32 ALR2d
434.
[2] 21A Am Jur 2d, Criminal Law § 804.

uation of, and prognosis for, the defendant's adjustment to the community, and may include psychiatric information if it is available; the purpose of the presentence report is to give the trial court as much information as possible so that the sentence can be tailored to the circumstances of the individual defendant (MCL 771.14; MSA 28.1144).

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT — HEARSAY.

Hearsay information may be properly included in a presentence report; the rules of evidence do not apply to sentencing proceedings (MRE 1101[b][3]).

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT — PSYCHIATRIC REPORTS.

A psychiatric report prepared at the request of defense counsel to determine whether an insanity defense should be pursued may be used at sentencing as part of the presentence report if it has been made available to the probation department (MCL 768.20a, 771.14; MSA 28.1043[1], 28.1144).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

CYNAR, P.J. Defendant pled guilty to assaulting an employee of a place of confinement. MCL 750.197c; MSA 28.394(3). Defendant was sentenced to from 32 to 48 months' imprisonment and fined $2,000. Defendant appeals his sentence to this Court as of right.

Defendant claims on appeal that the trial court erred by considering certain information in fashioning his sentence. Specifically defendant objects

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to: (1) a hearsay statement of a social worker involved with the case in the presentence report, (2) information in the presentence report about arrests which had not resulted in convictions, and (3) reference in the presentence report to information contained in a criminal responsibility report prepared under MCL 768.20a; MSA 28.1043(1).

Information in a presentence report must include inquiry into a defendant's antecedents, character and circumstances. The report must include an evaluation of, and a prognosis for, a defendant's adjustment to the community. The statute dealing with presentence reports also makes reference to the use of psychiatric information if it is available. MCL 771.14; MSA 28.1144. The purpose of a presentence report is to give the trial court as much information as possible so that the sentence can be tailored to the circumstances of the individual defendant. *People v Burton,* 44 Mich App 732; 205 NW2d 873 (1973), *lv den* 389 Mich 795 (1973). The purpose of the presentence report is to gather information and its scope must therefore be broad. *Burton, supra.* A presentence report is intended to fully acquaint the court with a defendant's background. *People v Amos,* 42 Mich App 629; 202 NW2d 486 (1972); People v Amos (On Rehearing), 44 Mich App 484; 205 NW2d 274 (1973). The trial court should use a broad range of information in sentencing. *People v Lytle,* 102 Mich App 708, 709-710; 302 NW2d 289 (1981); *People v Hooks,* 101 Mich App 673, 678-681; 300 NW2d 677 (1980), *lv den* 411 Mich 1054 (1981).

Addressing defendant's first objection about the hearsay statement by a social worker in the report, we note that the trial court, taking into account defendant's claim of bias and inaccuracy, noted that he would consider the statement as opinion and not fact. This met the requirement of

GCR 1963, 785.12 that the trial court note and resolve defendant's objection. The court was apprised of and noted the defendant's objection and resolved it on the record. Hearsay information may be properly included in a presentence report. *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980). Furthermore, MRE 1101(b)(3) states that the rules of evidence do not apply to sentencing proceedings. There was no error in the manner in which this hearsay statement was dealt with by the trial court. We agree with *People v Czerwinski,* 99 Mich App 304, 308-310; 298 NW2d 16 (1980), *lv den* 417 Mich 958 (1983), and *Books, supra,* where it was stated that information from agencies with whom defendant has had contact in the past can often be of assistance to the sentencing court.

Defendant also claims that the presentence report should not have included information about arrests which had not resulted in convictions. Defense counsel did not object to the inclusion of the fact of arrest in the presentence report. Defendant only now raises this claim on appeal. The issue was thus not properly preserved for review. Even if it had been, we note that the fact of an arrest may properly be included in a presentence report. *People v Henry,* 395 Mich 367, 377-378; 236 NW2d 489 (1975); *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). We also note that no showing has been made that the trial court improperly relied on defendant's arrest record in fashioning defendant's sentence, therefore remand for resentencing is not required on this issue. *People v Hall,* 56 Mich App 10, 18; 223 NW2d 340 (1974); *People v James,* 51 Mich App 777, 787; 216 NW2d 473 (1974), *lv den* 394 Mich 756 (1975).

Defendant's final contention is that the presentence report contained an improper hearsay refer-

ence to a criminal responsibility report prepared at the request of counsel pursuant to MCL 768.20a; MSA 28.1043(1). These reports are prepared to assist counsel in deciding if an insanity defense should or can be presented. In the case at bar the report was prepared for an unrelated criminal charge. Defendant assaulted an employee of a place of confinement while awaiting trial on the unrelated charges. Defendant points to MCL 768.20a; MSA 28.1043(1), which, at that time, stated in pertinent part:

> "(5) Statements made by the defendant to personnel of the center for forensic psychiatry or to any independent examiner during an examination shall not be admissible or have probative value in court at the trial of the case on any issues other than his mental illness or insanity at the time of the alleged offense.

* * *

> "(8) The report of the center for forensic psychiatry or any other independent examiner may be admissible in evidence upon the stipulation of the prosecution and defense."

MCL 768.20a(5); MSA 28.1043(1)(5) precludes use of the report at *trial* on any issue other than mental illness or insanity. We do not find that the statute precludes use of this report at sentencing if it is made available to the probation department. We reach this conclusion for two reasons. First, as noted above, proper sentencing, tailored to each individual defendant, requires a broad inquiry into the defendant's background. The report contains information which might be useful to the sentencing judge in fashioning an individualized sentence. Second, we note that MCL 771.14; MSA 28.1144, the statute which controls presentence reports and investigations, states that psychiatric information shall accompany the commitment papers. This

indicates to us that the psychiatric information under consideration here could properly be offered to the sentencing court.

Our conclusion is that there were no errors in the presentence report which would require remand for resentencing. Defendant's sentence is therefore affirmed.

Affirmed.