## PEOPLE v LOVE

Docket No. 78884. Submitted May 13, 1985, at Lansing.—Decided July 16, 1985.

Marvin L. Love pled *nolo contendere* in Jackson Circuit Court to a charge of burning real property and was sentenced, Charles J. Falahee, J. Defendant appealed. *Held:*

1. Although the sentencing information report contained errors in the scoring of defendant's prior record level and offense variables, the court utilized the correct prior record level and offense severity level, and the sentence imposed was within the recommended range as established by the Sentencing *Guidelines Manual.* There is no basis for resentencing.

2. Trial counsel should place their objections to the scoring of the sentencing guideline factors on the record with as much specificity as possible. Failure to object with specificity generally precludes meaningful appellate review.

3. Defendant's final allegation of error, that he was denied due process when the trial court sentenced him on the basis of inaccurate information, *i.e.,* erroneous scoring of the sentence range under the Michigan Sentencing Guidelines, cannot be responded to without a specific objection to the point assessment.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — INJURIES SUFFERED BY DEFENDANT.

Injuries sustained by a criminal actor himself during the commission of a crime should not be considered in the point assessment by a sentencing court when calculating the recommended sentence according to the Sentencing Guidelines Manual.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — CALCULATING RECOMMENDED SENTENCES — PRESERVING QUESTION.

A criminal defendant objecting to the manner in which a sentenc-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, Appeal and Error § 545 *et seq.*

Am Jur 2d, Criminal Law § 525 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

ing court calculated the appropriate recommended sentence according to the Sentencing Guidelines Manual should place his objections to the scoring method on the record with as much specificity as possible; failure to object with specificity will generally preclude meaningful appellate review.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A criminal defendant is entitled to be sentenced on the basis of accurate information.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and M. J. TALBOT,* JJ.

PER CURIAM. On February 2, 1984, defendant pled nolo contendere to a charge of burning real property, MCL 750.73; MSA 28.268, in exchange for dismissal of two other charges and a supplemental information. On March 7, 1984, he was sentenced to a term of from five and one-half to ten years' imprisonment. On appeal, defendant raises issues related to the sentencing guidelines.

The sentencing information report prepared for defendant reflects a prior record level of "F" and an offense severity level of "III". Defense counsel objected to the scoring of the prior record level for

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

reasons conceded to be erroneous on appeal[1] and although counsel asserted that the offense severity level should be "I", no specific reason was given for that claim.

On appeal the parties seem to agree that the prior record level was improperly scored. They do not, however, agree on what the "correct" point total should be. But, regardless of which party's figures are used, the prior record level remains at "F", the highest level and the level utilized in the trial court.

Defendant also argues that Property Destruction Variable 25, "Contemporaneous Criminal Acts", and Offense Variable 18, "Injury or Threat to Life", were improperly scored. We find no error in the scoring of OV 25 inasmuch as two separate and contemporaneous charges, breaking and entering with intent to commit larceny and breaking and entering with intent to commit arson, were dismissed as a result of defendant's plea to the arson charge. Thus, one point was properly awarded.

The scoring of OV 18 presents a more unusual problem. That variable provides as follows:

"O.V. 18 INJURY OR THREAT TO LIFE
"5=acts resulted in loss of human life
"4=acts resulted in injury to person
"3=acts created threat to human life
"0=loss, injury or threat"

Defendant was discovered unconscious in the burning building by members of the fire department

[1] Counsel objected to the scoring of defendant's prior convictions arguing that any conviction over ten years old could not be considered. Appellate counsel concedes the error in this argument noting that only those convictions which precede a ten-year conviction-free period are excluded from consideration. Sentencing Guidelines Manual, Chapter 3.

who had responded to the fire. He was hospitalized, suffering from smoke inhalation. Based upon his own injuries, four points were awarded. There is nothing in the record or the presentence report which indicates that any other individual was actually injured as a result of the arson.

While the prosecutor argues for a literal interpretation of this variable, we agree with defendant that under a common sense approach, the injuries sustained by the criminal actor himself should not be considered in the point assessment. Inasmuch as criminal responsibility generally attaches to injury to other persons or for damage to their property, as opposed to injuries to oneself or one's own property, assessment of four points and augmentation of the recommended minimum penalty is unwarranted. However, this conclusion does not end the inquiry.

Under OV 18, acts which create a threat to human life will be assessed three points. Here, after the fire was first discovered the fire department was required to respond to the scene. While we cannot tell the extent of the involvement of the fire, the potential for harm to firefighters and the attendant threat to their wellbeing when they respond to any fire is apparent. Thus, we believe that under the circumstances the assessment of three points would be proper. Defendant's final point total would then be seven instead of eight points. Although the point value is less, the result remains the same: defendant falls within offense severity level III. Therefore, the sentence imposed was within the recommended range as established by the guidelines and we find no basis for resentencing.

In this case, defense counsel objected to the final scoring of the offense variables but did not specifically state the reasons for that objection. As a

general rule, we believe that such a failure to object with specificity will preclude meaningful appellate review. In the future, trial counsel should place their objections to the scoring of the guideline factors on the record with as much specificity as possible.

Briefly we address defendant's final allegation of error. While it is true that a defendant has the right to be sentenced on the basis of accurate information, *People v Malkowski*, 385 Mich 244; 188 NW2d 559 (1971), defendant's conclusory objection to the scoring of the offense variables was not based upon any factual inaccuracy but rather on a disagreement over the conclusion obtained based upon the undisputed facts. Unless counsel voices a specific objection to the point assessment there is nothing to which the court can respond. See, *e.g., People v Calvin*, 142 Mich App 119; 369 NW2d 499 (1984).

Affirmed.