PEOPLE v MILLS

Docket No. 71695. Submitted March 6, 1985, at Lansing.—Decided
    August 20, 1985.

Alexander Mills was convicted, on his plea of guilty, of assault
    with intent to rob while armed, Oakland Circuit Court, Robert
    C. Anderson, J. Prior to sentencing, a presentence investigation
    report was prepared by the county probation department and
    was available to and reviewed by defense counsel. The presen-
    tence report recommended "incarceration" with credit of 153
    days. Also prior to sentencing, a sentencing panel, made up of
    three probation officers, recommended to the court a sentence
    of from 20 to 80 years, with credit of 153 days. The court did
    not disclose the sentencing panel's recommendation to the
    defendant. The court sentenced defendant to from 20 to 80
    years with credit for time served. Defendant appealed and the
    Court of Appeals remanded for further evidentiary hearings.
    After remand, held:

The defendant was prejudiced by the nondisclosure of the
    sentencing panel's recommendation.

Sentence vacated and remanded for resentencing.

CRIMINAL LAW — SENTENCING — SENTENCING PANELS.

A defendant is prejudiced by a sentencing procedure in which the
    court is given a presentence report prepared by the probation
    department which merely recommends a sentence of incarcera-
    tion and also receives a recommendation of a sentencing panel
    composed of probation officers that an appropriate sentence
    would be from 20 to 80 years in prison where the recommenda-
    tion of the sentencing panel is not disclosed to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Criminal Law §§ 535 et seq.
Defendant's right to disclosure of presentence reports. 40 ALR3d
    681.

Apellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*John E. Gates, Jr.,* for defendant.

Before: Cynar, P.J., and Wahls and S. T. Finch,* JJ.

Per Curiam. This Court, in an unpublished opinion in this case in October, 1984, remanded the case to the trial court for a statement on the record of the reasons for the sentence imposed on the defendant. Defense counsel was also to be given an opportunity to conduct an evidentiary hearing to develop a record on the following questions:

1. What was the composition of the "sentencing panel"?

2. What was the exact purpose of the sentencing panel?

3. What was the substance of the deliberations and report of the sentencing panel?

4. What weight was accorded to the sentencing panel's recommendation in fashioning the defendant's sentence?

Defense counsel was also given the right to put in other evidence regarding the form and function of the sentencing panel.

On November 21, 1984, the trial court held a hearing pursuant to this Court's order of remand. Our review of the hearing transcript indicates defense counsel had an opportunity to further develop a record for our review. At the hearing, counsel for both sides indicated that an evidentiary hearing was unnecessary on the issue of the sentencing panel's recommendation since they had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stipulated to a statement of facts for purposes of appeal.

According to the stipulated statement of facts, prior to sentencing, a presentence investigation report was prepared by the county probation department and was available to and reviewed by defense counsel. The presentence report recommended "incarceration" with credit of 153 days. Also prior to sentencing, a sentencing panel, made up of three probation officers, recommended a sentence of from 20 to 80 years, with credit of 153 days. One of the three probation officers on the sentencing panel had prepared the presentence report. The recommendation was made to the judge pursuant to the Bureau of Probation Sentencing Panel System, which has been used in Oakland County since 1973 or 1974.

Part of the stipulated statement of facts contained a copy of the presentence report, a copy of the sentencing panel's recommendation and an affidavit prepared by the chief probation officer for use in another case. These documents provide some general information about the function of the sentencing panel. The sentencing panel uses "seasoned supervisors" to make "ball park" sentencing recommendations to the Oakland County Circuit Court judges so that sentencing within the circuit will be consistent. The sentencing panel gets its information from the presentence report. The probation supervisors have knowledge of how the judges have handled similar defendants in the past.

Prior to sentencing, the defendant's sentence was discussed in chambers by the court, defense counsel, the prosecutor and a member of the probation department. The trial court did not disclose the sentencing panel's recommendation to defense counsel at that time. Defense counsel, who was

aware that sentencing panel recommendations are generally utilized in the Oakland County Circuit Court, did not request disclosure of the sentencing panel's recommendation.

At the November 21, 1984, remand hearing, the trial judge stated on the record the reasons for the sentence imposed. The judge sentenced the defendant to from 20 to 80 years because he felt that the defendant should be out of circulation for a sustantial period of time based upon his history of assaultive and violent crimes, and because of the senseless thing he did during this robbery (the presentence report indicated that the defendant struck the store manager's head several times with a steel pipe). The judge noted that defendant was not new to the prison system and that he had behavorial problems while in prison.

Referring to the sentencing panel's recommendation, the trial judge stated he was not bound by it. He indicated that frequently his sentences were higher or lower than the recommended sentences. In this case he indicated that the sentence recommendation did not influence his decision in any way.

The issue is whether defendant suffered a denial of procedural due process by not being informed of the recommendation of the sentencing panel. A related issue is whether he was prejudiced by not being informed about the sentencing panel's recommendation of a 20- to 80-year prison term.

A defendant has a right to know the recommendation made in a presentence report. MCL 771.14(2); MSA 28.1144(2) provides that the report shall include a specific written recommendation for disposition. In this case a specific written recommendation of the sentence was made in the presentence report. The presentence report recommended "incarceration" with 153 days credit. This

was a specific recommendation. See, *People v Joseph*, 114 Mich App 70, 78; 318 NW2d 609 (1982), *lv den* 417 Mich 877 (1983). This was the recommendation that was addressed by defendant and his attorney at the sentencing hearing. The sentencing panel's recommendation was not disclosed to the defense counsel and defendant. That is the troubling aspect of this case. A judge may consult with others when fashioning a sentence. *People v Sexton*, 113 Mich App 145; 317 NW2d 323 (1982). But, in *People v Beal*, 104 Mich App 159; 304 NW2d 513 (1981), *lv den* 413 Mich 888 (1982), this Court recognized that probation officers are a valuable aid to the sentencing court, and that this Court's prior decision in *People v Oliver*, 90 Mich App 144; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857 (1979), should be limited to prohibiting presentence conferences where the sentencing judge is given information about a defendant which is not equally available to defendant's counsel. In *People v Jeffrey Thompson*, 117 Mich App 210, 217; 323 NW2d 656 (1982), *lv granted* 418 Mich 946 (1984), a sentence was upheld where no information was disclosed in a presentence conference that was not disclosed to defense counsel and the defendant was not prejudiced as a result of the conference.

The situation which confronts us here is somewhere between the situations in *People v Joseph* and *People v Jeffrey Thompson*. A specific recommendation was made in the presentence report. Yet the person who made the recommendation in the presentence report and his supervisor were part of the sentencing panel that made a private recommendation of from 20 to 80 years imprisonment to the sentencing judge.

The trial court and the prosecutor attach significance to the fact that the sentencing panel system

has been in effect for some time, since 1973 or 1974, according to the stipulated statement of facts. They also set great store by the supposed fact that the panel's function and existence are well known within the Oakland circuit and that defense counsel knew a sentencing panel would make a recommendation. Be that as it may, it is still undisputed in this case that a sentencing panel made a specific recommendation which was not known to the defendant and that he was never given a chance to respond to this recommendation.

We are not finding fault with the sentencing panel concept. It is essential, at, times, for a sentencing judge to consult, explore and compare his views with others before eventually making his own independent decision. Sentencing is a difficult task and attempts like the sentencing panel system are reasonable answers to the difficulties inherent in imposing appropriate sentences. The problem here is the secretive nature of the recommendation, especially because disclosure of the recommendation would appear to be such a small matter. We conclude error occurred when the sentencing panel's recommendation was not disclosed.

We find that a recommendation of "incarceration" in the prehearing report was sufficient compliance with the statute but that defendant was prejudiced by the nondisclosure of the sentencing panel's recommendation. The trial court stated it did not rely on the sentencing panel's recommendation of from 20 to 80 years at all when sentencing defendant to a term of from 20 to 80 years. We can see prejudice to the defendant by the way in which this undisclosed recommendation denied him effective allocution. We will hazard a guess that the fact that he faced a recommendation of a

20- to 80-year sentence could prod many a reticent defendant into loquacious eloquence.

We find error and conclude that the error was prejudicial. The remaining question is what remedy can be offered. Ordinarily resentencing is appropriate. In an analogous situation that remedy was ordered by this Court in *People v Raymond,* 119 Mich 413; 326 NW2d 526 (1982), where the presentence report given to the defendant and his attorney contained a different recommendation than the report used by the judge. Resentencing is also in order here. The sentence is vacated and the case is remanded to the trial court for resentencing.[1] We retain no further jurisdiction.

---

[1] We trust that the circuit court judge, whose patience in this matter has undoubtedly been taxed, will perform this judicial function with the judicious wisdom and the good grace he customarily exercises.