PEOPLE v MURRAY

Docket No. 82603. Submitted August 20, 1985, at Detroit.—Decided November 18, 1985.

Robert L. Murray was convicted of two counts of first-degree criminal sexual conduct and of felony-firearm, Recorder's Court of Detroit, Clarice Jobes, J. Defendant appealed, alleging that the judge who denied his pretrial motion to suppress identification evidence erred in so doing and that his sentence was grossly disproportionate to the gravity of the offense. *Held:*

1. The defendant was identified by the victim shortly after the crime. The victim was accompanying the police when defendant was apprehended and identified him at that time and again when she observed him leave a police car at the police station. Police may conduct an on-the-scene identification without the presence of counsel except where they have very strong evidence, such that they have no reasonable necessity for confirming that the suspect they have apprehended is in fact the perpetrator. The evidence in this case was not that strong. The procedure followed by the police was proper.

2. The sentence imposed upon defendant was within the sentencing guidelines, therefore there is no issue of whether the trial court abused its discretion in imposing the sentence. Also, the trial court's statement on the record that defendant was being sentenced pursuant to the guidelines was sufficient to meet the requirements that the reasons for a sentence be articulated on the record.

Affirmed.

1. CRIMINAL LAW — IDENTIFICATION — ON-THE-SCENE IDENTIFICATION.

Police officers may conduct an on-the-scene identification of a suspect without the presence of counsel any time promptly after a crime, except in certain circumstances; one of the

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.,* 798 *et seq.*

Am Jur 2d, Evidence §§ 371 *et seq.*

Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3d 335. See also the annotations in the ALR3d/4th Quick Index under Identity or Identification.

exceptions exists where there is very strong evidence that the person stopped is the culprit, that is, evidence such that the police, acting in good faith, have no reasonable necessity for confirming that the person apprehended is in fact the perpetrator.

2. CRIMINAL LAW — SENTENCING — APPEAL.

A trial court's exercise of discretion in sentencing a defendant is reviewable on appeal but relief may be granted only where it is found that the trial court abused its discretion to the extent that the sentence imposed shocks the conscience of the appellate court.

3. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A trial court's statement on the record that a defendant was being sentenced pursuant to the sentencing guidelines is sufficient to meet the requirement that a sentencing court articulate on the record the reasons for imposing a particular sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Virginia Hazen,* Assistant Prosecuting Attorney, for the people.

*Evans & Luptak* (by *Christopher A. Andreoff),* for defendant on appeal.

Before: MacKENZIE, P.J., and CYNAR and H. E. DEMING,* JJ.

H. E. DEMING, J. Defendant appeals his conviction, following a bench trial in Recorder's Court of Detroit, of two counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to the mandatory 2-year prison term for the felony-firearm conviction and to from 15 to 30 years in

* Circuit judge, sitting on the Court of Appeals by assignment.

prison for the criminal sexual conduct convictions. He appeals as of right and we affirm.

Defendant claims that the judge who heard defendant's motion to suppress the complaining witness's identifications of the defendant erred when he denied the motion. It is the defendant's further claim that he should be resentenced because the sentence he received is grossly disporportionate to the gravity of the offense and is shocking to the judicial conscience of the court.

On February 22, 1984, at 8:00 p.m. the victim, while walking on a city street, was stopped by the defendant when he pointed a gun at her. Defendant ordered her to enter his car, and he then drove into a nearby alley. After stopping in the alley, the defendant required the victim to remove all of her clothes, with the exception of her blouse and coat, and at gunpoint forced her to submit to two sexual acts. Upon completion, the defendant told the victim to leave the car and to face the wall of a nearby building until he had driven away. The victim complied, but as the abductor drove away she turned and noted that the car was missing a taillight. Subsequently, the victim ran to the street, and shortly thereafter hailed a passing police cruiser. The officers placed the victim in the cruiser, and proceeded to look for the offender. Within a short time the victim observed a car, missing a taillight, which she believed was used in her abduction. A high speed chase resulted. The automobile was stopped and the victim identified the driver to be the person who had assaulted her. When the victim observed the defendant leave the police cruiser at the police station, she stated that he was the offender. The defendant moved to suppress all of the identifications. Upon the completion of a hearing on the motion to suppress, the motion was denied. At the time of the bench trial,

the trial judge suppressed the police station identification.

*People v Turner,* 120 Mich App 23; 328 NW2d 5 (1982), considered the rights of defendants to be protected along with the needs of the police to determine whom to arrest and the possibility that an immediate identification will exculpate someone:

"Therefore, we would allow the police officers to conduct an on-the-scene identification without the presence of counsel any time promptly after the crime, except in certain situations. First, we require counsel to be present where the police have very strong evidence that the person stopped is the culprit. Strong evidence exists where the suspect has himself decreased any exculpatory motive, *i.e.,* where he has confessed or presented the police with either highly distinctive evidence of the crime or a highly distinctive personal appearance." 120 Mich App 36-37.

And in *People v Wilki,* 132 Mich App 140; 347 NW2d 735 (1984), this Court interpreted the term "very strong evidence" to mean "evidence such that the police, acting in good faith, have no reasonable necessity for confirming that the suspect they have apprehended is in fact the perpetrator". 132 Mich App 144. In the instant case this Court cannot say that the police suspicion (that the driver of the car they were pursuing was the perpetrator of the crime) should be elevated to "very strong evidence", such that there was no reasonable necessity for conducting the on-the-scene identification. The procedure was proper and the defendant was not denied his right to counsel.

Defendant's other claim is that this case should be remanded for resentencing because the term of the sentence shocks the judicial conscience.

In *People v Coles,* 417 Mich 523; 339 NW2d 440

(1983), the Supreme Court held that the trial court's exercise of discretion in sentencing is reviewable on appeal, but that relief may be granted only in those cases in which it is found that the trial court abused its discretion to the extent that the sentence imposed shocks the conscience of the appellate court. *Coles* also required that the sentencing court "articulate on the record its reasons for imposing the sentence given". 417 Mich 549.

When *Coles* was released, the sentencing guidelines were being used by some judges on a voluntary basis. The guidelines were discussed in *Coles,* p 548, fn 31, as follows:

> "The purpose of the sentencing guidelines is to ensure that sentencing decisions focus on a consistent set of legally relevant factors and to ensure that these factors are assigned equal importance for all offenders. This should result in sentences which are imposed in a predictable, coherent, and consistent manner, thus eliminating impermissible disparity in the sentences of similarly situated defendants."

Supreme Court Administrative Order No. 1984-1, 418 Mich lxxx, required every judge of all circuit courts and of the Recorder's Court of Detroit to use the sentencing guidelines generated by the Sentencing Guidelines Advisory Committee for a period of one year beginning March 1, 1984. Administrative Order No. 1985-2, 420 Mich lxii, continued the previous order until the further order of the Supreme Court.

Since the defendant was sentenced on November 16, 1984, the trial judge was required to sentence the defendant within the sentencing guidelines or state her reason for failing to do so. Defendant has raised no issue with regard to the scoring of the guideline variables and thus is not contesting the

calculation of the minimum sentence that may be imposed under the guidelines.

In this case the trial judge stated on the record that she was sentencing defendant pursuant to the sentencing guidelines. Because the guidelines themselves take so many factors into consideration, including defendant's prior record and the circumstances surrounding the crime, we find that such a statement was sufficient to meet the *Coles* requirement of articulation on the record of the reasons for the sentence imposed.

The trial judge's minimum sentence of 15 years falls within the minimum sentence suggested by the guidelines. Because defendant's sentence falls within the guidelines, the issue of whether his sentence is an abuse of discretion by the trial judge is nonexistent. The guidelines reflect past sentencing practices of the state's trial judges. We hold that any sentence imposed by a trial judge, which is within the guidelines, does not shock the judicial conscience of this Court.

Affirmed.