## PEOPLE v LATZMAN

Docket No. 88614. Submitted May 22, 1986, at Lansing. Decided July 8, 1986. Leave to appeal applied for.

Defendant, Lary L. Latzman, was convicted in the Oakland Circuit Court of manslaughter following the entry of a plea of nolo contendere to the charge. The trial court, Robert C. Anderson, J., sentenced defendant to from five to fifteen years imprisonment. Defendant appeals. *Held:*

1. A trial court shall articulate on the record the reasons for the sentence despite the court's adherence to the Sentencing Guidelines. The case is remanded to the trial court so that the sentencing judge may articulate his reasons for imposing the sentence rendered.

2. The trial court did not err in scoring Offense Variable 6 of the Sentencing Guidelines. The definition of a "victim" for OV6, a "person who was placed in danger of injury or loss of life," could properly be applied so as to include the passengers in defendant's automobile.

3. The Court of Appeals declined to hold that a sentencing judge must provide reasons for departing from the recommendations of the Oakland County Sentencing Panel.

Remanded.

G. R. COOK, J., dissented. He would hold that the trial court met its burden of articulating on the record the reasons for the sentence imposed. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

The Supreme Court, to aid appellate review, has mandated that trial judges articulate their reasons for imposing a given sen-

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Criminal Law §§ 525-631.

Validity of statutes prohibiting or restricting parole, probation, or suspension of sentence of cases of violent crimes. 100 ALR3d 431.

See also the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

tence; such reasons must be articulated despite the trial court's adherence to the Sentencing Guidelines.

2. CRIMINAL LAW — APPEAL — SENTENCING — PRESERVING QUESTION.
   A defendant must object at sentencing to the scoring of Offense Variables of the Sentencing Guidelines to preserve a challenge to such scoring for appellate review.

3. CRIMINAL LAW — HOMICIDE — MANSLAUGHTER — SENTENCING GUIDELINES — VICTIM.
   Offense Variable 6 of the Sentencing Guidelines defines a "victim" as a "person who was placed in danger of injury or loss of life"; the definition cannot be construed so as to include a defendant convicted of manslaughter as a victim of his own crime but may be applied so as to include the passengers in the defendant's automobile which collided with the decedent's automobile causing his death.

4. CRIMINAL LAW — SENTENCING — SENTENCING PANELS.
   A sentencing judge in Oakland County need not provide reasons for departing from the recommendations of the Oakland County Sentencing Panel.

DISSENT BY G. R. COOK, J.

5. CRIMINAL LAW — SENTENCING.
   *The Supreme Court, to aid appellate review, has mandated that a sentencing court give a reason for the sentence imposed and that the court must take into account the individual being sentenced; a sentencing court may meet this burden either directly or by obvious and clear inference.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for defendant.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,* JJ.

PER CURIAM. On August 21, 1985, defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

entered a plea of nolo contendere to a charge of manslaughter, MCL 750.321; MSA 28.553. The factual basis for the plea was derived from the preliminary examination transcript. Witnesses testified that defendant was traveling east in the westbound lane of I-696 when he struck another vehicle, resulting in the death of its driver. There was further testimony indicating that defendant was extremely intoxicated. On September 18, 1985, defendant was sentenced to imprisonment for a term of from five to fifteen years. Defendant appeals from his sentence as of right.

Defendant maintains that the sentencing judge failed to articulate reasons for imposing the sentence, as required by *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). The judge merely inquired whether defendant had a prior conviction for driving under the influence of alcohol and, after receiving an affirmative response, stated:

> Sir, this isn't easy for me to do. But, sir, it is the sentence of this court that based upon the file and the seriousness and the circumstances in this particular matter, I'm sentencing you to the custody of the Department of Corrections for a minimum period of time of five years and a maximum period of fifteen.

The prosecutor argues that this was a sufficient articulation of reasons, maintaining that it is apparent that the judge based the sentence on the interrelation between this crime and defendant's prior driving record. From these facts, the prosecutor deduces that the judge's reasons for imposing sentence were society's need for protection and the necessity that defendant be disciplined. We do not find that the judge's reason for imposing sentence can be so neatly inferred from the record. Although these reasons may have existed in the

back of the judge's mind, *Coles* requires that they be stated on the record.

The prosecutor argues, in the alternative, that *Coles* did not contemplate the continued requirement of articulated reasons after institution of the Sentencing Guidelines. Since defendant's sentence was within the guidelines recommended minimum range of two to six years, the prosecutor maintains that the factors considered by the guidelines provide the reasons for imposing sentence, and that a recitation of reasons would be a redundant exercise.

In essence, the prosecutor is urging this panel to adopt the reasoning of *People v Murray,* 147 Mich App 227, 232; 383 NW2d 613 (1985), in which a panel of this Court held that a sentencing judge complied with *Coles* where he stated simply that he was "sentencing defendant pursuant to the sentencing guidelines." However, we believe that *People v Broden,* 147 Mich App 470, 473-474; 382 NW2d 799 (1985),[1] which requires articulation of reasons despite adherence to the sentencing guidelines, is a better reasoned opinion. In *Broden,* the Court held that *Coles* required more than a mere reference to the guidelines for three reasons: (1) without a statement of reasons, this Court would be unable to determine whether the *Coles* criteria for imposing sentence had been followed; (2) adherence to the guidelines would provide no indication as to why a particular maximum sentence was selected; and (3) dispensing with the need for reasons would subvert a current goal of the guidelines which is to subject them to ongoing evaluation while they are still in the experimental stage. For these reasons, we believe that this case must

[1] In accord with Administrative Order No 1984-2, 418 Mich lxxxii, this Court has issued an order certifying a conflict between *Murray, supra,* and *Broden, supra.*

be remanded to the trial court so that the sentencing judge may have an opportunity to articulate his reasons for imposing the sentence rendered in this case.

Defendant also asserts that the minimum guidelines range of two to six years was erroneously calculated, claiming that the sentencing judge improperly scored Offense Variable 6. Since there was no objection to the scoring at sentencing, this issue has not been preserved for appellate review. See *People v Kennie,* 147 Mich App 222, 226; 383 NW2d 169 (1985). In any event, we find that the facts as adduced at the preliminary examination support the judge's scoring of OV 6 and, therefore, we find no error.

Defendant was given a score of two for OV 6, indicating that there were three or more victims of this crime. Defendant argues that, at best, there were only two victims, the decedent and a passenger in the decedent's automobile. Our review of the record discloses that there were no passengers in the decedent's automobile. However, at the preliminary examination, one witness testified that there were two passengers in defendant's automobile while another witness testified that there were three passengers. The definition of victim for OV 6 is a "person who was placed in danger of injury or loss of life." While this definition cannot be construed so as to include defendant as a victim of his own crime, see *People v Love,* 144 Mich App 374, 377; 375 NW2d 752 (1985), we believe that it could properly be applied so as to include the passengers in defendant's automobile. Accordingly, we hold that there was no error in the scoring of this offense variable.

Finally, defendant maintains that the sentencing judge should have provided reasons for departing from an Oakland County Sentencing Panel

recommendation. See *People v Mills,* 145 Mich
App 126; 377 NW2d 361 (1985) (holding that the
sentencing panel's recommendation must be dis-
closed to the defendant prior to sentencing). The
sentencing panel apparently suggested that defen-
dant be sentenced to a term of from three to
fifteen years. Defendant argues that since the
purpose of the sentencing panel is to minimize
sentence disparities within Oakland County, simi-
lar to the guidelines' purpose of minimizing dispar-
ity in sentences throughout the state, reasons for
deviating from the panel's recommendation should
be required. However, defendant has not indicated
how requiring a statement of reasons for depar-
ture from the Oakland County panel's recommen-
dation will minimize sentence disparities. In the
absence of some compelling reason to impose such
a requirement, we decline to hold that a judge
must provide reasons for departing from the rec-
ommendations of Oakland County Sentencing Pan-
els.

Remanded for proceedings consistent with this
opinion.

G. R. COOK, J. *(dissenting).* I respectfully dissent.
I believe the trial court met its *Coles* burden. In
*People v Coles,* 417 Mich 523, 550; 339 NW2d 440
(1983), the Court said:

> This Court noted in *People v Snow,* 386 Mich
> 586, 592; 194 NW2d 314 (1972), that the proper
> criteria for determining an appropriate sentence
> include: (1) the disciplining of the wrongdoer, (2)
> the protection of society, (3) the potential for refor-
> mation of the offender, and (4) the deterring of
> others from committing like offenses. This list is
> not exhaustive, and we do not purport to instruct
> the trial courts on every criterion which they must
> consider when imposing a sentence. However, we

do now require that the trial court state on the
record which criteria were considered and what
reasons support the court's decision regarding the
length and nature of punishment imposed.

At the time of sentencing, the trial court stated:

*The Court:* The thing that bothers me more than
anything else in this matter, sir, is that—it was
1981 wasn't it when you started having problems
with alcohol? You continued—and you drove and
had that problem?

*Mr. Latzman:* Could you repeat that please?

*The Court:* You've been convicted of driving
under the influence before, haven't you sir?

*Mr. Latzman:* Yes, I was. When I first received
my license at the age of sixteen.

*The Court:* Sir, this isn't easy for me to do. But,
sir, it is the sentence of this court that based upon
the file and the seriousness and the circumstances
in this particular matter, I'm sentencing you to
the custody of the Department of Corrections for a
minimum period of time of five years and a maxi-
mum period of fifteen. Do you understand that,
sir?

Thus, either directly or by an obvious and clear
inference, the sentencing court:

a) disciplined the defendant;

b) protected society;

c) hoped to reform the offender;

d) deterred others from committing like offenses.

*Coles* does not require the sentencing court to
give a lengthy and detailed explanation for every
sentence. What *Coles* does require is that a reason
be given for the sentence and that the court must
take into account the individual being sentenced.
The trial court did that.

I would affirm.