## PEOPLE v KISIELEWICZ

Docket No. 90909. Submitted December 2, 1986, at Grand Rapids. Decided December 16, 1986.

Donald J. Kisielewicz was convicted of vehicular manslaughter following his plea of nolo contendere in the Grand Traverse Circuit Court. The trial court, William R. Brown, J., sentenced defendant to from ten to fifteen years imprisonment. Defendant appeals alleging that the trial court erred in the scoring on the sentencing guidelines, in the consideration of certain letters attached to the presentence report, and in departing from the sentencing guidelines recommended sentence range.

The Court of Appeals *held:*

1. Defendant's contention that he was improperly scored on the sentencing guidelines was rejected because defendant failed to raise the issue in the trial court and therefore waived the claim for appellate review. Moreover, the Court of Appeals noted that, if it were to review the claim, the Court would find no error.

2. Defendant's argument that the judge improperly considered letters attached to the presentence report was rejected. Defendant is incorrect in arguing that he had no opportunity to challenge the information contained in the letters and that his attorney objected to them at sentencing. This question was not properly preserved for review since defense counsel failed to object at sentencing and did not file a motion to vacate his sentence.

3. The trial court fully complied with the procedures for departure from the sentencing guidelines recommended sentence range.

Affirmed.

1. CRIMINAL LAW — APPEAL — SENTENCING — PRESERVING QUESTION.

A defendant must challenge the accuracy of a Sentencing Infor-

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.;* 566 *et seq.*

Consideration of, or failure to raise or consider, question on appeal from conviction or on postconviction remedy, as precluding its consideration on subsequent motion to vacate sentence under 28 USC § 2255. 10 ALR Fed 724.

mation Report prior to the imposition of the sentence or at least prior to appeal to preserve a challenge to the scoring of the report for appellate review where the report was available to the defendant and defense counsel prior to sentencing.

2. CRIMINAL LAW — APPEAL — PRESENTENCE REPORTS — PRESERVING QUESTION.
   A defendant does not properly preserve for appellate review a contention that the trial court improperly considered certain letters which were attached to the Department of Corrections Presentence Report where defense counsel fails to object thereto at sentencing and fails to file a motion to vacate the trial court's sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. Foresman,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*William L. Carey,* for defendant.

Before: D. F. WALSH, P.J., and HOOD and R. J. TAYLOR,* JJ.

PER CURIAM. In mid-trial for vehicular manslaughter in the death of an eleven-year-old boy, defendant tendered a plea of nolo contendere to the charge because he had no memory of the accident and was being sued civilly. At sentencing, the circuit court judge reviewed the Department of Corrections Presentence Report which included copies of letters from the victim's parents, grandparents, aunt and uncle, and an attorney. All requested that defendant receive a stiff prison sentence for the offense. The circuit judge carefully questioned defendant concerning his prior record of driving offenses. The prosecutor also stressed defendant's five prior drinking-related offenses and requested a lengthy period of incarceration to protect society. The judge then sentenced

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant to the statutory maximum of from ten to fifteen years in prison, MCL 750.321; MSA 28.553. In this appeal as of right, defendant first contends that he was improperly "scored" on the sentencing guidelines and then argues that the court gave improper consideration to the letters attached to the presentence report. We affirm the defendant's conviction and sentence.

Defendant's first argument is that he was improperly scored on the sentencing guidelines. We reject this contention because defendant failed to raise the issue in the trial court and therefore has waived this claim for purposes of appellate review. Recent decisions by this Court have made it clear that when, as here, the Sentencing Information Report is available to defendant and defense counsel prior to sentencing, defendant must challenge the accuracy of that report prior to imposition of the sentence or at least prior to appeal. *People v Jones,* 147 Mich App 292, 294; 382 NW2d 772 (1985), lv den 425 Mich 866 (1986); *People v Kennie,* 147 Mich App 222, 226; 383 NW2d 169 (1985); *People v Latzman,* 153 Mich App 270, 274; 395 NW2d 56 (1986). This rule is predicated upon the desire to provide the sentencing court with the opportunity to resolve questions regarding guidelines calculations and conclusions before sentence is imposed. As stated in *Kennie,* p 226:

> Absent any record of thse [sic] alleged inaccuracies, this Court is simply not in a position to evaluate the probation officer's computations in a reliable fashion. Where an objection is raised below, the trial court is able to further evaluate the scoring procedures by making appropriate inquiries of the probation officer, defendant and counsel. If the defendant remains dissatisfied, he or she can then raise the issue on appeal, at which time we will have a record to review. *People v Love.* [144 Mich App 374; 375 NW2d 752 (1985).]

In this case defendant and his attorney had an opportunity to examine the presentence report and the sir. No objection was offered as to either the factual contents or the scoring. Moreover, even if we were to review the complained-of scoring, we would find no error.

Defendant contends that he is entitled to resentencing because his "Prior Record Variable" (prv) score of "f" should have been "a," reducing the guidelines sentence range recommendation of from thirty-six to ninety-six months to from zero to thirty-six months. Defendant is wrong in asserting that prv 7 concerning defendant's relationship to the criminal justice system should have been scored zero instead of one. At the time defendant's vehicle struck the vehicle in which the deceased was a passenger, defendant was on probation for operating a vehicle under the influence of liquor and for driving while his license was suspended. Thus, the probation officer correctly scored defendant one point for having a current relationship to the criminal justice system.

Defendant also contends that he improperly received a score of fifteen on prv 8 because, according to the guidelines, that factor should only be scored for negligent homicide. The probation officer gave defendant three points for each of defendant's five previous drinking and driving related offenses. While defendant is correct that the sentencing guidelines establish that prv 8 only applies to negligent homicide, we note that the guidelines are seriously deficient in dealing with cases of vehicular manslaughter. Accordingly, we hold that if a defendant's prior driving record is a significant scorable factor when the defendant has been convicted of negligent homicide, it is just as relevant when the defendant has been convicted of vehicular manslaughter. Thus, were we to review defen-

dant's claims on this issue, we would find them without merit.[1]

We similarly reject defendant's argument that the judge improperly considered the letters that were attached to the Department of Corrections presentence report. Defendant is simply incorrect in arguing that he had no opportunity to challenge the information in the letters and that his attorney objected to them at sentencing. The sentencing transcript clearly establishes that defendant and his attorney reviewed the presentence report and both were given the opportunity to address the court. Thus, as with defendant's first issue, this question is not properly preserved for review since defense counsel failed to object at sentencing and has filed no motion to vacate the trial court's sentence. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Doss,* 122 Mich App 571; 332 NW2d 541 (1983), lv den 417 Mich 1100.16 (1983); *People v Wiggins,* 151 Mich App 622; 390 NW2d 740 (1986).

In any event, the victim's parents had a statutory right under the Crime Victim's Rights Act, MCL 780.751 *et seq.;* MSA 28.1287(751) *et seq.,* to make a "written or oral impact statement" to the probation officer and to have such written state-

---

[1] In fact, we think that the scoring of the SIR was actually more favorable to defendant than it should have been. The probation officer scored defendant's "Offense Variable" (ov) total at two points, giving him an "*Offense Severity Level*" of I.

Defendant should have been scored at II with an ov score of five. Under ov 3, "Intent to Kill or Injure", defendant should have received one point for recklessness, gross negligence and wanton disregard of human life. On ov 6, defendant should have received a score of two points since there were three or more victims (persons placed in danger of injury or loss of life), the other passengers in the car defendant struck. See *People v Latzman, supra,* p 274. The probation officer correctly scored defendant at one point each for ov 9 and ov 25. Scored properly on the SIR, the guidelines sentence range would be from 72 to 120 months. Thus, the sentencing judge would not have needed to depart from the guidelines in handing down the ten-year maximum-minimum sentence.

ment included in the presentence investigation report. MCL 780.764; MSA 28.1287(764). Further, as to the other letters, we note that existing case law and policy considerations provide that the presentence report should contain a broad range of information so that the sentence can be tailored to fit the circumstances of the individual defendant. *People v Potrafka,* 140 Mich App 749, 751-752; 366 NW2d 35 (1985), lv den 422 Mich 962 (1985). Each of the attached letters concerned society's perceived need for protection from the offender. This is a valid consideration that is to be included in the presentence report. *People v Triplett,* 407 Mich 510, 513-514; 287 Mich 165 (1980), citing *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

In this case, although the judge did depart from the sentencing guidelines recommended sentence range as reached on the SIR prepared by the probation officer, the judge fully complied with the procedures for departure. The judge concisely articulated his departure reasons on the record, stating:

In our sentencing process it is important that we distinguish between neglect and willful wrongful conduct, and we do recognize in our society that alcoholism as such is a disease; however, the choice in the face of known consequences and possible danger and risk to drive an automobile after drinking is a conscious choice not the product of disease. This is particularly so when there have been repeated convictions for driving after consuming alcohol. This is particularly so when there have been attempts to deter that conduct by other mechanisms available to us, such as suspending a license or by short-term incarceration or by extending opportunities of treatment of the disease. Each of those aggravating factors is present here.

The present occurrence is a tragedy occurring sixth in a line of cases of driving while impaired or under the influence of alcohol. It has to be regarded as a conscious decision to continue to drive after drinking, with knowledge of the danger of possible consequences. It then is a circumstance that we must treat as intentional or volitional conduct. There should be a response of punishment and obvious need to protect society.

It is with these thoughts that the Court will at this time impose sentence of incarceration under the direction of the Department of Corrections for a minimum term of ten years to the statutory maximum of fifteen years, with credit for the ninety-three days served in the County Jail. It is, additionally, the Court's observation that long-term incarceration may, if anything will, address the substance abuse problem and effect rehabilitation.

Defendant does not directly quarrel with the judge's decision to depart from the guidelines nor does he urge that the sentence imposed should shock our judicial conscience. In fact, given the circumstances in this case we are in full agreement with the sentence passed on defendant. Having rejected defendant's allegations of error, the sentence of the trial court is affirmed.