PEOPLE v PILBEAM

Docket No. 94286. Submitted March 5, 1987, at Lansing. Decided June 1, 1987.

Richard T. Pilbeam pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, Lenawee Circuit Court, Kenneth B. Glaser, Jr., J. Defendant appealed, claiming the trial court scored the Sentencing Information Report incorrectly and the sentence imposed should shock the judicial conscience of the Court of Appeals.

The Court of Appeals *held:*

1. Defendant has failed to preserve for appellate review his challenge to the scoring of the sir by failing to raise the issue in the trial court.

2. The trial court explained in great detail the reasons for the sentence imposed and its reasons for departing from the sentencing guidelines. The sentence did not shock the conscience of the Court of Appeals.

Affirmed.

CRIMINAL LAW — APPEAL — SENTENCING — PRESERVING QUESTION.

A defendant must challenge the accuracy of a Sentencing Information Report prior to the imposition of the sentence or at least prior to appeal to preserve a challenge to the scoring of the report for appellate review where the report was available to the defendant and defense counsel prior to sentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Nathan T. Fairchild,* Prosecuting Attorney, for the people.

*Randall C. Roberts,* for defendant on appeal.

REFERENCES

Am Jur 2d, Appeal and Error §§ 553, 554.

Am Jur 2d, Criminal Law § 596.

Due process requirements of presentence procedure following conviction. 3 L Ed2d 1808.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

Before: Hood, P.J., and D. E. Holbrook, Jr., and M. R. Stempien,* JJ.

Per Curiam. Defendant pled guilty to breaking and entering an occupied dwelling with the intent to commit larceny, MCL 750.110; MSA 28.305. In return the prosecutor agreed to dismiss a charge of larceny in a building and a supplemental information, charging the defendant as an habitual offender, third offense.

Defendant first claims that the trial court scored the Sentencing Information Report incorrectly, resulting in a recommended minimum sentence of twelve to twenty-four months, whereas a correct scoring would have resulted in a recommended minimum of zero to twelve months. We reject defendant's contention of error because defendant has failed to raise the issue in the trial court and therefore has waived this claim for purposes of appeal. The SIR was available to defendant and defense counsel prior to sentencing, and they were required to challenge the accuracy of that report prior to imposition of sentence or at least prior to appeal. *People v Kisielewicz,* 156 Mich App 724; 402 NW2d 497 (1986). In addition, we note that the prosecutor claims reasonably that defendant's final score was either correct or too low. "We refuse to get bogged down in second-guessing the trial court's mechanics" in reaching a final grid score. *People v Clark,* 147 Mich App 237, 243; 382 NW2d 759 (1985), lv den 425 Mich 858 (1986). We remind the trial court, however, that it is the *court's* responsibility, in the first instance, to accurately score the SIR.

Defendant also claims that the trial court's sentence, which was a substantial departure from the

* Circuit judge, sitting on the Court of Appeals by assignment.

guidelines, was an abuse of discretion which should shock the conscience of this Court. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). We disagree. The trial court explained in great detail the reasons for the sentence imposed and its reasons for departing from the guidelines. The sentence was individualized to suit this particular defendant. Defendant's argument that the sentence is fatally flawed by consideration of factors already included in the guidelines is without merit. *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985). After a review of the entire matter we conclude that the sentence does not shock our conscience.

Affirmed.