PEOPLE v LATZMAN (ON REMAND)

Docket No. 104148. Submitted October 23, 1987, at Lansing. Decided February 2, 1988.

Lary L. Latzman was convicted in the Oakland Circuit Court of manslaughter following the entry of a plea of nolo contendere. The trial court, Robert C. Anderson, J., sentenced defendant to from five to fifteen years imprisonment. Defendant appealed and the Court of Appeals remanded the case to the trial court so that the sentencing judge could have an opportunity to articulate his reasons for imposing the sentence. 153 Mich App 270 (1986). The Supreme Court, in lieu of granting leave to appeal, vacated the opinion of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987). 429 Mich 866 (1987).

The Court of Appeals, on remand, *held:*

The sentence was within the sentencing guidelines and the sentencing judge had before him a sentencing information report in which the recommended guidelines were set forth. It is sufficient articulation under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), where, as here, the sentence is within the guidelines and the trial court is aware of the recommended guidelines.

Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

It is sufficient articulation of the trial court's reasons for imposing a sentence, under *People v Coles,* 417 Mich 523 (1983), where the sentence imposed is within the range recommended by the sentencing guidelines and the trial court is aware of the recommended guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,*

REFERENCES
Am Jur 2d, Criminal Law §§ 525 *et seq.*
Federal constitutional guaranty against cruel and unusual punishment—supreme court cases. 33 L Ed 2d 932.

Prosecuting Attorney, *Robert C. Williams*, Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for defendant.

ON REMAND

Before: SHEPHERD, P.J., and HOOD and GRIBBS, JJ.

PER CURIAM. In our previous opinion in this case, *People v Latzman,* 153 Mich App 270; 395 NW2d 56 (1986), we held that this case must be remanded to the trial court so that the sentencing judge could have an opportunity to articulate his reasons for imposing the sentence rendered in this case. In lieu of granting leave to appeal, the Supreme Court vacated our opinion and remanded the case to us for reconsideration in light of *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987). 429 Mich 866 (1987).

In this case defendant, while intoxicated, was traveling east in the westbound lane of I-696 when he struck another vehicle, resulting in the death of its driver. Defendant was sentenced to five to fifteen years. The sentence was within the guidelines as stated on the sentencing information report.

In *Broden* the Michigan Supreme Court held that a sentencing judge's reference only to the sentencing guidelines when giving reasons for the sentence imposed is a sufficient explanation under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), when the guidelines recommendation is followed.

In the instant case, although the trial court did

not specifically make reference to the guidelines, the sentence was within the guidelines and the sentencing judge had before him a sentencing information report in which the recommended guidelines were set forth. The defendant did not challenge the guidelines recommendation at the sentencing hearing. We believe it is sufficient articulation under *Coles* where the sentence is within the guidelines and the trial court is aware of the recommended guidelines. Since defendant was sentenced within the guidelines and the trial court was aware of the guidelines we now affirm defendant's sentence.

Affirmed.