PEOPLE v CLARK

Docket No. 58627. Submitted December 1, 1981, at Lansing.—Decided
February 18, 1982. Leave to appeal denied, 413 Mich 917.

Stanley W. Clark was charged with armed robbery and larceny
involving damage to a safe. At the preliminary examination
the magistrate bound defendant over for trial on the larceny
count, but refused to do so on the armed robbery count, instead
binding him over on charges of felonious assault and breaking
and entering a motor vehicle. The evidence showed that the
complainant, a truck driver, had returned to his truck where
he discovered the defendant standing by the truck. The defen-
dant threatened the complainant with a crowbar, then ran off
while the complainant gave chase. The complainant later dis-
covered that a sum of money had been taken from a safe in the
truck. The prosecutor's motion in Oakland Circuit Court to
amend the information to add the armed robbery count was
denied, Robert C. Anderson, J. The people appeal by leave
granted, alleging that actual possession by the victim of the
property stolen is not required in order to find an armed
robbery. *Held:*

The victim in this case was not in a situation where, but for
violence or fear, he could have prevented his loss, because he
had no knowledge of the loss until after the defendant's escape.
Thus, there was no taking from the person of the complainant
or in his presence, and that element of armed robbery was not
present.

Affirmed.

1. ROBBERY — ARMED ROBBERY — STATUTES.

The essential elements of armed robbery are: (1) an assault by the
defendant upon the complainant; (2) a felonious taking of any
property which may be the subject of a larceny from the
complainant's person or in his presence; and (3) the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery §§ 4, 10.
[2] 67 Am Jur 2d, Robbery § 14.
[3] 67 Am Jur 2d, Robbery § 12.

was armed with a dangerous weapon (MCL 750.529; MSA 28.797).

2. ROBBERY — VICTIM'S CONTROL OF PROPERTY.

A thing is in the presence of a person, for purposes of the robbery statutes, where it is so within his reach, inspection, observation or control that he could, if not overcome by violence or prevented by fear, retain his possession of it.

3. ROBBERY — ARMED ROBBERY — TAKING FROM THE PERSON.

There was no taking "from the person" and hence no armed robbery where, although the victim was assaulted by the defendant, the assault took place after the taking of the victim's property and the victim was not aware of the taking until after the defendant had escaped.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*David A. Gordon,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and ALLEN and T. C. MEGARGLE,* JJ.

T. C. MEGARGLE, J. Defendant was charged with the following offenses: Count I, armed robbery, MCL 750.529; MSA 28.797; Count II, larceny with safe damage, MCL 750.531; MSA 28.799. At the preliminary examination the defendant was bound over as charged on Count II, but the magistrate bound defendant over on felonious assault and breaking and entering a motor vehicle, instead of armed robbery.

The issue is whether or not the preliminary examination magistrate abused his discretion in refusing to bind defendant over on an armed robbery count.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

The evidence presented at the preliminary examination revealed that the complaining witness, a truck driver named MacDonald, made a delivery of beer to a store. After the delivery, Mr. MacDonald went to the manager's office to get paid, a procedure which normally took 10 to 12 minutes. As he walked back to his truck from the office, he heard a truck driver on the other side of the parking lot sound his horn once. This seemed very unusual to Mr. MacDonald, so he went directly to his truck.

While approximately 25 feet from his truck, Mr. MacDonald saw a man approximately one foot from his truck. The man was turning away and walking away from the truck. The truck door was open. Mr. MacDonald continued walking toward his truck and came within 10 to 15 feet of the man at which point the man, who was later identified as the defendant by Mr. MacDonald, raised a crowbar he carried in his hand and said, "Come any closer and I'll bash your brains out". At this point Mr. MacDonald stopped walking, the man turned away to run, and Mr. MacDonald gave chase. At this particular point in time, Mr. MacDonald did not know whether or not the defendant had taken anything from his truck. Only later did he learn the safe in his truck had been forced open and approximately $400 had been taken.

This case was bound over to Oakland County Circuit Court. The prosecutor filed a motion to amend the information, requesting that the court add the count of armed robbery. The motion was denied. The circuit judge held that the magistrate did not abuse his discretion in the matter.

The issue addressed another way is whether or nor a victim, though assaulted, must have knowledge that property of his had been taken in order

to support a charge of armed robbery. This appears to be a case of first impression.

The essential elements of armed robbery are set forth in MCL 750.529; MSA 28.797 and are as follows: One, an assault by the defendant upon the complainant; two, a felonious taking of any property which may be the subject of a larceny from the complainant's person or in his presence; and three, that the defendant was armed with a dangerous weapon. *People v Smedley,* 37 Mich App 325; 194 NW2d 383 (1971).

The people contend that Michigan employs the "transaction" test for armed robbery, which provides that a taking is not considered complete until the assailant has effected his escape because the victim is still considered in possession of his property. *People v Beebe,* 70 Mich App 154; 245 NW2d 547 (1976). They claim actual physical possession of the property by the victim is not required. The defendant maintains that in no case has armed robbery been found where the victim was assaulted after the taking had been accomplished and where the victim did not know why he was being assaulted because he did not have knowledge that anything had been taken.

Armed robbery requires a taking from "the complainant's person or in his presence", *People v Smedley, supra,* 331. Where the person assaulted had no connection with the property, the essential element would not be satisfied.

Michigan, in *People v Beebe, supra,* 159, adopted the following test for "in his presence".

"A thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it."

Perkins on Criminal Law (2d ed), Robbery, p 281, presents the distinction between "from the person" by stealth and "from the person" by force:

"Robbery is committed only where there is a larceny *from the person,* but as pointed out in the discussion of that form of compound larceny, this does not require that the thing stolen be taken from the hand of the owner, or from the pocket of clothing being worn at the time, or be attached to him in any literal sense. An important distinction is to be noted however. The owner may be very near to his property without having it under his personal protection at the moment, and a secret taking of such property is not larceny from the person. A different problem is presented when a man's attention is directed to the need of safeguarding certain property which belongs to him and is so situated at the time that he could guard it if not prevented by violence or deterred by fear. Such property is regarded as being under his personal protection and the wrongful taking of it by violence or intimidation is robbery."

In this case it does not appear that the victim was in such a situation where, but for violence or fear, he could have prevented his loss, because he did not have knowledge of the loss until after the defendant had escaped. What the defendant's assault on the complainant did in this case was to prevent complainant's opportunity to discover the loss before the defendant escaped.

Under these circumstances we are of the opinion that such a secret taking of property should not be considered an armed robbery.

We hold that the magistrate properly refused to bind defendant over on the charge of armed robbery and properly bound him over instead on charges of felonious assault and breaking and entering of a motor vehicle.

Affirmed.