PEOPLE v WILLHITE

Docket No. 92029. Submitted September 4, 1986, at Detroit. Decided October 6, 1986.

Michael T. Willhite was convicted on his plea of guilty in Oakland Circuit Court, Frederick C. Ziem, J., of unarmed robbery and felony-firearm. Defendant also pled guilty to being a fourth offense habitual offender. Defendant received the mandatory two-year sentence on the felony-firearm conviction, and his original sentence of three to fifteen years on the robbery conviction was enhanced to three to twenty-five years because of his habitual offender status. Defendant appealed, asserting that the sentence imposed under the habitual offender statute must be set aside because the trial judge failed to apply the sentencing guidelines to that sentence and because the trial court failed to articulate on the record the reasons for the sentence imposed.

The Court of Appeals *held:*

1. The Michigan Sentencing Guidelines specifically indicate that they are not applicable to habitual offender convictions.

2. While the trial court did not articulate on the record the reasons for the sentence imposed, remand for resentencing is not warranted since the minimum sentence imposed after enhancement is the same as that originally imposed on the underlying crime and that sentence is less than that recommended by the guidelines. Since the sentence imposed clearly demonstrates leniency on the part of the trial court, nothing would be gained by remanding for a more detailed statement of the trial court's reasons.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — HABITUAL OFFENDERS.

The Michigan Sentencing Guidelines are not applicable to habitual offender convictions.

REFERENCES

Am Jur 2d, Criminal Law §§ 580 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6 *et seq.,* 31, 32.

See the annotations in the Index to Annotations under Sentence and Punishment.

2. CRIMINAL LAW — SENTENCING — APPEAL.
    The failure of a trial court in sentencing an habitual offender to expressly state on the record the reasons for the sentence imposed does not require remand for resentencing where the minimum sentence imposed is less than the minimum recommended by the guidelines for the underlying offense and there is no suggestion that the sentence imposed is excessive.

*Frank ·J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant on appeal.

Before: M. J. KELLY, P.J., and BEASLEY and CYNAR, JJ.

BEASLEY, J. Defendant, Michael Timothy Willhite, pled guilty to unarmed robbery, MCL 750.530; MSA 28. 798, and to possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The felony-firearm charge was based on defendant's obtaining possession of guns owned by the victim during the armed robbery. Defendant also pled guilty to a supplemental information charging him as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to the mandatory prison term of two years on the felony-firearm conviction. His sentence for the unarmed robbery was enhanced, under the habitual offender statute, to a consecutive prison term of not less than three years nor more than twenty-five years. Defendant appeals as of right.

On appeal, defendant challenges only the enhanced sentence arising out of his habitual of-

fender conviction. First, defendant argues that resentencing is required because the trial judge failed to apply the Michigan Sentencing Guidelines applicable to the underlying unarmed robbery offense in sentencing him as an habitual offender. This argument is without merit. The guidelines explicitly state that they do not apply to habitual offender convictions.[1]

Defendant goes on to argue that resentencing is required because the trial judge failed to state his reasons for the sentence on the record, as mandated by *People v Coles*.[2] A review of the record reveals that the trial judge did not expressly state the reasons for the sentence he imposed on defendant. However, we believe that a remand of this matter to the trial judge for an express statement of his reasons for the sentence imposed would serve no purpose and would be a waste of judicial resources.

We base our conclusion on the obvious leniency exercised by the trial judge in sentencing defendant. The record reveals that the trial judge originally sentenced defendant to a prison term of not less than three nor more than fifteen years on the underlying unarmed robbery conviction. The trial judge then immediately vacated that sentence and sentenced defendant as an habitual offender to a prison term of not less than three nor more than twenty-five years. The probation officer's calculation of the sentencing guideline recommendation for the unarmed robbery offense contained a recommended minimum sentence of four to five years. Thus, defendant's three-year minimum sentence on the underlying offense, and the final three-year

---

[1] Michigan Sentencing Guidelines Manual, Instructions for Using Sentencing Guidelines, § (I)(A)(1); *People v Peterson*, 149 Mich App 158, 160; 385 NW2d 635 (1985).

[2] 417 Mich 523; 339 NW2d 440 (1983).

minimum sentence after application of the habitual offender statute, were each less than the guideline's recommendation of an appropriate minimum sentence.

In *People v Murray*,[3] this Court held that, when a defendant's sentence falls within the guideline recommendation, the trial judge is not required to state any further specific reasons for the sentence and that any sentence which fell within the guidelines would not shock the judicial conscience. Likewise, in the within case, where the minimum sentence imposed on defendant as an habitual offender is less than the minimum recommended by the guidelines for the underlying offense, we believe that the trial judge was not required to state any further specific reasons for the sentence.

A specific statement by the trial court of its reasons would in no way aid this Court in reviewing defendant's sentence. The leniency exercised by the trial judge in sentencing defendant clearly indicates that the sentence was individualized here. On appeal, defendant does not in any way argue that his sentence is excessive. We conclude that remanding the case to the trial judge for a more detailed statement of his reasons for the sentence imposed on defendant as an habitual offender is unwarranted and would result in a waste of judicial resources.

Affirmed.

---

[3] 147 Mich App 227, 232; 383 NW2d 613 (1985).