PEOPLE v SUNDAY

Docket No. 112513. Submitted January 3, 1990, at Lansing. Decided March 14, 1990. Leave to appeal applied for.

Gregory Allen Sunday pled guilty in Oakland Circuit Court to charges of delivery of less than 50 grams of a mixture containing cocaine, delivery of more than 50 but less than 225 grams of a mixture containing cocaine, and to being an habitual offender, second offense. Defendant was sentenced to three to thirty years in prison on the habitual offender conviction and was given lifetime probation on the greater cocaine conviction, Jessica R. Cooper, J. Defendant moved to set aside the habitual offender conviction, alleging abuse of prosecutorial discretion in that the prosecution did not make an independent decision on the basis of defendant's record when charging him as an habitual offender but charged him as an habitual offender only because of its policy of bringing habitual offender charges in each case involving an alleged repeat felon. The court agreed and set aside defendant's habitual offender conviction and resentenced him to 2½ to 30 years for delivery of less than 50 grams of a mixture containing cocaine. The people appealed.

The Court of Appeals *held:*

1. The decision to file habitual offender charges is within the discretion of the prosecution. Review of the exercise of that discretion is generally precluded by the separation of powers, except in cases of malfeasance or constitutional violations. There is no malfeasance or constitutional violation in a policy by which a prosecutor charges all alleged repeat felons as habitual offenders. The trial court erred in vacating defendant's conviction.

2. Defendant's original three- to thirty-year sentence does not constitute cruel and unusual punishment.

Reversed and remanded for reinstatement of defendant's habitual offender conviction and his original sentence of three to thirty years.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2-4, 17, 30, 31.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders.

1. PROSECUTING ATTORNEYS — CHARGING FUNCTION — APPEAL — HABITUAL OFFENDERS.

The decision to file habitual offender charges is within the discretion of the prosecuting attorney, review of which generally is precluded on separation of powers grounds; such review is available only to determine whether the exercise of discretion amounted to malfeasance or violated constitutional principles.

2. PROSECUTING ATTORNEYS — CHARGING FUNCTION — HABITUAL OFFENDERS.

A prosecuting attorney's policy of charging all alleged repeat felons as habitual offenders does not constitute malfeasance or violate a defendant's constitutional rights.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant on appeal.

Before: MARILYN KELLY, P.J., and GILLIS and MACKENZIE, JJ.

PER CURIAM. The circuit court vacated defendant's habitual offender conviction and resentenced him on the underlying conviction. The prosecution appealed as of right. We reverse.

Defendant pled guilty to delivery of more than 50 grams but less than 225 grams of a mixture containing cocaine. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). He pled guilty, also, to delivery of less than 50 grams of a mixture containing cocaine and to being an habitual offender, second offense. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), MCL 769.10; MSA 28.1082. He was sentenced to three to thirty years as an habitual offender and was given lifetime probation on the greater cocaine conviction.

Defendant moved to set aside the habitual offender conviction, alleging abuse of prosecutorial discretion. He claimed the Oakland County prosecutor's office failed to make an independent decision on the basis of his record when charging him as an habitual offender. The prosecutor's office issued the supplemental information against defendant only because of its policy of bringing habitual offender charges in each case involving an alleged repeat felon. The trial judge agreed with defendant and set aside his habitual offender conviction. Defendant was then resentenced to 2½ to 30 years for delivery of cocaine, less than 50 grams.

The purpose of the habitual offender act is to provide for a longer sentence where a defendant has shown a persistent commission of crime and indifference to the law. *People v Hendrick,* 398 Mich 410, 416; 247 NW2d 840 (1976). The decision to file such charges is within the discretion of the prosecutor. *Hendrick,* 415. Review of the exercise of this discretion is generally precluded by the separation of powers. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684; 194 NW2d 693 (1972). We intervene only in cases of malfeasance or constitutional violations. *People v Bolton,* 112 Mich App 626, 630; 317 NW2d 199 (1981). See also *Wayte v United States,* 470 US 598, 607; 105 S Ct 1524; 84 L Ed 2d 547 (1985).

We find no malfeasance or constitutional violation in a policy by which a prosecutor charges all alleged repeat felons as habitual offenders. *People v Gwinn,* 111 Mich App 223, 254; 314 NW2d 562 (1981). The imposition of a requirement that the prosecutor make a case-by-case decision when filing a supplemental information is a matter properly left to the Legislature. The trial judge erred in vacating defendant's conviction.

Defendant also claims that his original three- to thirty-year sentence constitutes cruel and unusual punishment.

Although the sentencing guidelines do not apply to an habitual offender conviction, we note that defendant's sentence was within the guidelines. In addition, his attorney recommended the sentence. The court did not abuse its discretion in imposing this sentence, and our conscience is not shocked by it. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Reversed. Remanded for reinstatement of defendant's habitual offender conviction and his original sentence of three to thirty years. We do not retain jurisdiction.