## PEOPLE v NEWCOMB

Docket Nos. 117605, 118019. Submitted February 5, 1991, at Lansing. Decided July 23, 1991, at 9:00 A.M. Leave to appeal sought.

Ronald W. Newcomb was convicted in a joint trial in the Oakland Circuit Court, Hilda R. Gage, J., of armed robbery and of breaking and entering an occupied building with intent to commit larceny and then pleaded guilty of being an habitual offender, fourth offense, and was sentenced to concurrent prison terms of eight to thirty years for the armed robbery conviction and six to fifteen years for the breaking and entering conviction. Joseph L. Newcomb was acquitted at the same trial of armed robbery, but was convicted of breaking and entering and and was sentenced to four to fifteen years' imprisonment. The defendants appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in articulating that its sentencing of Joseph Newcomb was not based on the presentence report but on testimony indicating that, although acquitted of armed robbery, he had participated in the armed robbery. In responding to challenges to the accuracy of information in the presentence report, the trial court properly disregarded the challenged information and relied on information disclosed at trial. The trial court also did not make an independent finding of guilt with respect to the armed robbery charge. Instead, in relying on information disclosed at trial, the trial court properly considered facts that underlay the acquittal.

2. The trial court did not abuse its discretion in admitting the testimony of two witnesses who related the victim's out-of-court statements identifying Ronald Newcomb. The admission

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 595, 598, 599; Evidence § 373; Robbery § 28.

Use of force or intimidation in retaining property or in attempting to escape, rather than in taking property, as element of robbery. 93 ALR3d 643

Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.

of such testimony under MRE 801(d)(1) is within a trial court's discretion.

3. There is no merit in Ronald Newcomb's claim that there was insufficient evidence to convict him of armed robbery because the use of the hammer, the weapon involved in the robbery, occurred after property was taken from the victim. Robbery is a continuous offense that is not complete until the perpetrator reaches a place of temporary safety, and a taking is not complete until the perpetrator has effected escape.

4. The issue of Ronald Newcomb's right of confrontation with respect to his codefendant, who did not testify against him, was not addressed by the Court of Appeals because it was not raised at trial, and is not decisive of the outcome of this case.

5. The prosecutor's policy of charging all repeat offenders under the habitual offender statute is not an abuse of discretion and did not deny Ronald Newcomb fundamental fairness, due process, or equal protection.

6. Ronald Newcomb's sentence for being an habitual offender was proportional to the crime and to his criminal history.

Affirmed.

1. SENTENCES — CONSIDERATION OF OTHER OFFENSES.

A court, in determining a defendant's sentence, may consider uncharged offenses, pending charges, and acquittals.

2. SENTENCES — PRESENTENCE REPORTS — INACCURACIES.

A sentencing court has a duty to respond to challenges to the accuracy of the information in a presentence report; the court may determine the accuracy of the information, accept the defendant's version, or disregard the challenged information.

3. CRIMINAL LAW — IDENTIFICATION EVIDENCE — THIRD-PARTY TESTIMONY.

The admission of testimony by a third party relating an out-of-court identification of a defendant by a victim rests within the discretion of the trial court (MRE 801[d][2]).

4. ROBBERY — TAKING OF PROPERTY — ARMED ROBBERY.

Robbery is a continuous offense that is not complete until the perpetrator reaches a place of temporary safety, and a taking of property is not complete until the perpetrator has effected escape; hence, a defendant is properly convicted of armed robbery where use of a dangerous weapon occurs after property is taken from the victim but before escape is effected (MCL 750.529; MSA 28.797).

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Kathryn G. Barnes* and *Sarah E. Hunter,* Assistant Prosecuting Attorneys, for the people.

*John D. Lazar,* for Ronald W. Newcomb.

*Charles M. Sibert,* for Joseph L. Newcomb.

Before: DANHOF, C.J., and HOLBROOK, JR. and SULLIVAN, JJ.

PER CURIAM. Defendants were charged with armed robbery, MCL 750.529; MSA 28.797, and with breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. In a joint trial, defendant Joseph Newcomb was convicted by a jury of breaking and entering, and on the following day defendant Ronald Newcomb, who had waived trial by jury, was convicted by the trial judge of both armed robbery and breaking and entering. Ronald Newcomb was sentenced to seven to twenty years for the armed robbery conviction. However, that sentence was vacated upon his plea of guilty of being an habitual offender, fourth offense, and he was sentenced to eight to thirty years. He was also sentenced to six to fifteen years for the breaking and entering conviction, to be served concurrently. Joseph Newcomb was sentenced to four to fifteen years for his conviction of breaking and entering. Both defendants now appeal their convictions as of right. We affirm.

DOCKET NO. 118019

Defendant Joseph Newcomb argues that he is entitled to resentencing because the trial court,

notwithstanding his acquittal of armed robbery, found him to have participated in the armed robbery and used that finding to justify the sentence.

At issue here is the following statement by the sentencing court:

> All right. The Court heard the testimony and the Court is basing its sentence on what it heard as opposed to the factual statements outlined in the presentence report but with regard to the use of the hammer the Court heard the testimony and the fact that this defendant participated in it not withstanding what the jury said but I'm going to sentence the defendant within the guidelines so to that extent it doesn't matter what the Court believes.
>
> The guidelines are appropriate and both counsel agree to them. They've been modified in accordance with the defendant's request.

To facilitate appellate review, a sentencing court must articulate on the record the criteria considered and the reasons for a sentence imposed. *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987). A sentencing judge may also consider the facts underlying uncharged offenses, pending charges, and acquittals. *People v Ewing (After Remand),* 435 Mich 443, 446 (opinion by BRICKLEY, J.), 473 (opinion by BOYLE, J.); 458 NW2d 880 (1990).

A sentencing court has a duty to respond to challenges to the accuracy of information in a presentence report. *People v Sutton,* 158 Mich App 755, 761; 405 NW2d 209 (1987). The court has wide latitude in responding to these challenges. It may determine the accuracy of the information, accept the defendant's version, or, as a matter of expediency, disregard the challenged information. *Fleming, supra,* p 418. However, the court may not

make an independent finding of guilt of a crime other than that for which the defendant is being sentenced. *Id.,* pp 417-418.

In the case before us, the court articulated on the record that it had heard from the victim that the person who had entered her room had used a hammer. Finding that someone used a hammer is not the equivalent of finding someone guilty of armed robbery. In this case, the use of the hammer was but one element of that crime. Because a sentencing court can rely on facts underlying an acquittal, the trial court's consideration of information presented by a witness in a trial that resulted in defendant's acquittal was proper.

The court below also listened to defense objections to perceived inaccuracies in the presentence report. It identified another source of information and therefore did not depend on the presentence report when considering the use of the hammer. The sentencing court opted to disregard the challenged information. However, information from the trial was available to the court to assist it in its sentencing decision. We find no abuse of discretion in the court's consideration of that information. We also note that the sentence imposed upon defendant complies with the sentencing guidelines.

The record is quite clear that the sentencing court carefully considered the seriousness of the crime. In doing so, it took into account the use of the hammer during the breaking and entering of the victim's occupied room. Accordingly, we do not believe that this constituted an abuse of discretion warranting resentencing.

DOCKET NO. 117605

In his appeal, defendant Ronald Newcomb raises four issues, the first being that he was prejudiced

by the trial court's admission of testimony from third parties concerning two extrajudicial identifications.

MRE 801(d)(1) sets forth the rule relating to admission of prior statements of witnesses. A statement is not hearsay if the "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him." There has been a split in this Court over whether the rule is applicable to third-party testimony related to identification.

Some panels have found that MRE 801(d)(1) allows the declarant to testify regarding the declarant's prior identification of a defendant but does not allow a third party to testify about the declarant's identification of a defendant; the third party may only testify about the facts and circumstances surrounding the previous identification.[1] Other panels, however, have held that a third party can testify concerning an identification of a defendant at a lineup.[2]

Although we are aware of the weaknesses of identification testimony as discussed in *People v Sanford,* 402 Mich 460, 489-492; 265 NW2d 1 (1978), we believe that, in adopting MRE 801(d)(1), our Supreme Court recognized that "the hearsay character and cumulative effect of the testimony of a third person to an out-of-court identification, as well as that of the identifier himself, is not so

---

[1] *People v Turner,* 120 Mich App 23, 38; 328 NW2d 5 (1982); *People v Price,* 112 Mich App 791, 801-803; 317 NW2d 249 (1982); *People v Mock,* 108 Mich App 384, 387-388; 310 NW2d 390 (1981); *People v Horton,* 98 Mich App 62, 71; 296 NW2d 184 (1980); *People v Hoerl,* 88 Mich App 693, 701-702, n 5; 278 NW2d 721 (1979); *People v Washington,* 84 Mich App 750, 755-756; 270 NW2d 511 (1978).

[2] *People v Beam,* 125 Mich App 289; 335 NW2d 684 (1983); *People v McConnell,* 124 Mich App 672, 679-680; 335 NW2d 226 (1983); *People v Turner,* 116 Mich App 421; 323 NW2d 425 (1982); *People v Adams,* 92 Mich App 619; 285 NW2d 392 (1979).

inherently prejudicial that it must necessarily be excluded in all cases." *Id.,* p 497 (RYAN, J., concurring). We believe that Justice RYAN's concurring opinion in *Sanford* represents the proper interpretation of MRE 801(d)(1). We therefore hold that the admission of such testimony is within the discretion of the trial judge.

After reviewing the record below, we find that the admission of the testimony of Timothy Jordan, the victim's neighbor, and Wendy Keelty, a Pontiac police officer, regarding the victim's extrajudicial identification of defendant Ronald Newcomb was properly admitted under MRE 801(d)(1). There was no abuse of discretion on the part of the trial court warranting reversal.

Next, defendant argues that the evidence was insufficient to sustain his conviction of armed robbery. In resolving a challenge to the sufficiency of the evidence in a criminal case, we must view the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985); *People v Jackson,* 178 Mich App 62, 64; 443 NW2d 423 (1989). The essential elements of armed robbery are (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute. *People v McConnell,* 124 Mich App 672, 678; 335 NW2d 226 (1983). Defendant's challenge revolves around the use of the hammer in the robbery; he asserts that because the hammer was used after the actual taking was completed, the elements of armed robbery were not met. Defendant's position is without merit.

Michigan has adopted the view that robbery is a

continuous offense that is not complete until the perpetrator reaches a place of temporary safety. *People v Tinsley,* 176 Mich App 119, 121; 439 NW2d 313 (1989). This transactional approach to armed robbery provides that a taking is not considered complete until the assailant has accomplished his escape, because the victim is still considered to be in possession of his property. *People v Clark,* 113 Mich App 477, 480; 317 NW2d 664 (1982).

Thus, in the case at bar, even if the hammer appeared after the property was in the Newcombs' hands, the defendants had not yet left the victim's room. The victim was still considered to be in possession of her property and the armed robbery was still in progress. The elements of armed robbery were therefore proven, and the evidence was sufficient to support defendant's conviction.

The next issue defendant raises is whether he was denied his constitutional right of confrontation. Defendant did not raise this issue below. Generally, we will not review an issue raised for the first time on appeal. *People v Davis,* 122 Mich App 597, 609; 333 NW2d 99 (1983). If, however, an important constitutional question is raised regarding the admissibility of evidence and is decisive of the outcome of the case, appellate review is appropriate. *People v Catey,* 135 Mich App 714, 722; 356 NW2d 241 (1984).

Upon review of the record, we conclude that the issue of defendant's right to cross-examine his codefendant, who was not a witness against him, was not outcome-decisive, and we will not review it.

Defendant's final claim raises two separate issues. The first, that the Oakland County Prosecutor's policy of charging all repeat offenders under the habitual-offender statute is an abuse of

discretion and denies him fundamental fairness, due process, or equal protection of law is without merit. See *People v Sunday,* 183 Mich App 504, 506; 455 NW2d 321 (1990).

The second half of defendant's final claim is that the sentence he received for the habitual offender conviction should shock the conscience of this Court. The "shock the conscience" standard of review has been abandoned in favor of a principle of proportionality. See *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Although the sentencing guidelines are a useful tool in crafting a proportional sentence, the guidelines are not applicable to habitual offenders. *People v Sanders,* 163 Mich App 606, 612; 415 NW2d 218 (1987). The two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), does apply to habitual offender sentences. *People v Wright,* 432 Mich 84, 85-86; 437 NW2d 603 (1989).

The eight-year minimum sentence imposed on defendant does not exceed two-thirds of the twenty-year maximum, thus there is no violation of the two-thirds rule. Moreover, the sentencing court was very clear on the record why it was sentencing defendant as it did. The court stated that defendant had committed a dangerous crime and that he had been continuously committing crimes for almost thirty years. We find that defendant's sentence was proportional to the crime and to his criminal history.

Affirmed.