PEOPLE v ANTHONY WILLIAMS

Docket No. 126788. Submitted September 12, 1991, at Detroit. Decided November 4, 1991, at 9:30 A.M.

Anthony R. Williams pleaded guilty in the Muskegon Circuit Court, Michael E. Kobza, J., of uttering and publishing and of being an habitual offender, second offense. He was sentenced to a term of eleven to twenty-one years' imprisonment. He appealed.

The Court of Appeals *held:*

Although the defendant's minimum sentence exceeds the upper limit of the sentencing guidelines' recommendation by slightly more than fifty percent, the sentence is proportionate to the offense and the offender. The sentencing court validly considered the defendant's failure to demonstrate that he was capable of living in society without breaking its laws, his lack of control over his behavior, and the fact that he was incorrigible. Furthermore, the guidelines' recommendation does not apply because the defendant pleaded guilty in exchange for the amendment of the habitual offender charge from fourth offense to second offense and was sentenced for his habitual offender conviction.

Affirmed.

*Balgooyen Law Offices, P.C.* (by *Gerald W. Gibbs*), for the defendant on appeal.

Before: WAHLS, P.J., and JANSEN and CONNOR, JJ.

PER CURIAM. Defendant appeals as of right from his guilty pleas. Defendant pleaded guilty of one count of uttering and publishing, MCL 750.249; MSA 28.446. Although defendant was originally charged as a fourth-felony offender, as part of his plea the supplemental information was amended to allow defendant to plead guilty of a charge of

habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced for the habitual offender conviction to a term of eleven to twenty-one years' imprisonment. We affirm.

On appeal, defendant's only issue concerns the proportionality of his sentence in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Although defendant argues that the factors upon which the sentencing judge based his departure were already taken into account by the sentencing guidelines' scoring variables, we note that the guidelines' recommendation does not apply in this case, because defendant was sentenced for his habitual offender conviction. Nonetheless, the principle of proportionality is still applied to the review of defendant's sentence. *Id.,* at 661.

We believe that defendant's sentence is proportionate. The guidelines' minimum sentence recommendation for the underlying offense of uttering and publishing was two to seven years. A sentence that is within the guidelines' range is presumed to be neither excessively severe nor disparate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987).

As an habitual offender, however, defendant was eligible to receive a maximum sentence that was fifty percent greater than the statutory maximum. The habitual offender statutes do not represent substantive crimes. Rather, they are a legislative determination that recidivous individuals who persist in criminal activities and show indifference to the law should be subject to longer possible sentences. *People v Hendrick,* 398 Mich 410, 416; 247 NW2d 840 (1976); *People v Sunday,* 183 Mich App 504, 506; 455 NW2d 321 (1990). Given the purpose of the habitual offender statutes, we believe that we may find guidance in the review of defendant's sentence by comparing the guidelines' recommen-

dation to the degree of sentence enhancement authorized by the Legislature. In this case, defendant's minimum sentence exceeds the upper end of the guidelines' recommendation by slightly more than fifty percent. In light of defendant's conviction as a second-felony offender, we consider this to be an indication that defendant's sentence is proportionate.

We emphasize that the approach we have taken is not intended to establish any sort of presumption or rigid, mathematical approach to the review of habitual offender sentences. Rather, we consider the guidelines to be but a tool that may assist us in determining whether defendant's sentence as an habitual offender is proportionate. Our rationale lies in our ascertainment of the Legislature's purpose in enacting the habitual offender statutes, not in a belief that the guidelines may adequately account for the circumstances presented upon an habitual offender's conviction. The ultimate test, of course, is whether the sentence imposed was an abuse of discretion in light of the principle of proportionality. *Milbourn, supra.*

Furthermore, this case involves a guilty plea, a unique sentencing situation not addressed by *Milbourn.* In this case, a sentencing judge's consideration of factors not embodied in the guidelines may become more compelling than would be the case if defendant had not pleaded guilty in return for the dismissal of fourth-felony offender charges. *People v Duprey,* 186 Mich App 313, 318; 463 NW2d 240 (1990). "Absent such consideration, the sentencing judge would likely be unable to fashion a punishment that would be proportionate to the seriousness of the matter at hand." *Id.* Defendant's prior criminal record contained six felonies and five misdemeanors. The sentencing judge stated that the sentence he imposed was based on defendant's

failure to demonstrate that he was capable of living in society without breaking its laws, his lack of control over his behavior, and the fact that defendant had demonstrated that he was incorrigible. We find these considerations to be valid, particularly with regard to this plea-based sentence, and hold that defendant's sentence is proportionate to the offense and, more importantly in this case, the offender.

Affirmed.