PEOPLE v OELBERG

Docket No. 145447. Submitted September 24, 1992, at Lansing. Decided December 8, 1992, at 9:00 A.M.

Chris Oelberg pleaded guilty in the Saginaw Circuit Court, Lynda L. Heathscott, J., of breaking and entering a building with intent to commit larceny and of being an habitual offender, second offense. He was sentenced to seven to fifteen years' imprisonment. He appealed, alleging that the sentence violates the principle of proportionality.

The Court of Appeals *held:*

Although the sentencing guidelines do not apply to habitual offender sentences, the proportionality of an habitual offender sentence can be measured by comparing the guidelines' recommendation with the degree of sentence enhancement authorized by the Legislature. The defendant's minimum sentence, which is 3½ times the maximum minimum recommended by the guidelines and nearly 2½ times the enhanced guidelines' range, is disproportionate to the crime and the defendant's criminal history. The sentencing court failed to state adequate reasons for such a wide departure.

Remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* for the people.

*Bruce L. Hulse,* for the defendant.

Before: M.J. KELLY, P.J., and SHEPHERD and FITZGERALD, JJ.

PER CURIAM. Pursuant to a plea bargain in which a supplemental information charging defendant as an habitual offender, third offense, was dismissed, as were pending charges in another

case,[1] defendant pleaded guilty of breaking and entering a building with intent to commit larceny, MCL 750.110; MSA 28.305, and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to a prison term of seven to fifteen years. Defendant appeals as of right. We remand for resentencing.

In his sole issue on appeal, defendant contends that his sentence violates the principle of proportionality. We agree. Although the sentencing guidelines do not apply to habitual offender sentences, *People v Williams,* 191 Mich App 685, 686; 479 NW2d 36 (1991), the proportionality of an habitual offender sentence can be measured by comparing the guidelines' recommendation with the degree of sentence enhancement authorized by the Legislature. *Id.* at 686-687. Thus, the enhanced maximum sentence under the guidelines is three years. *People v Newcomb,* 190 Mich App 424, 432; 476 NW2d 749 (1991).

Defendant's minimum sentence is a 3½-time departure from the maximum minimum  recommended guidelines' range for the underlying offense, and is nearly a 2½-time departure from the enhanced guidelines' range. Noting that *People v Milbourn,* 435 Mich 630, 635; 461 NW2d 1 (1990), reserves the harshest penalties for the most serious combinations of offense and offender, as well as the fact that the sentencing court failed to state adequate reasons for the wide departure, we conclude that defendant's sentence is disproportionate

---

[1] The sentencing information report contains an exhaustive recitation that includes the cryptic information under "instant offense" that "on April 23, 1991, the defendant was charged with three Cts. of csc-first degree, one Ct. of csc-second Degree and HOA-third on D No. 91-004944FC. This case will be Nolle Prosequi upon sentencing of the current offense." No further information about those charges is revealed in the file except in the defendant's own seventeen-page handwritten explanation that, of course, emphatically denies and denounces such charges.

to the crime and to his criminal history.[2] *Milbourn, supra.*

Remanded for resentencing.

---

[2] The prosecutor concedes in his brief on appeal that the breaking and entering involved in this case is "not close to being a 'worst scenario' case," and that defendant's prior criminal history does not involve any dangerous crimes.