PEOPLE v BROOKS (ON REMAND)

Docket No. 151452. Submitted June 2, 1993, at Detroit. Decided
December 29, 1993, at 9:40 A.M. Leave to appeal sought.

James L. Brooks, Jr., pleaded guilty in the Wayne Circuit Court
of armed robbery and breaking and entering. He then pleaded
guilty of being an habitual offender, fourth offense, and the
court, Clarice Jobes, J., sentenced him to eighteen to sixty
months' imprisonment for the habitual offender conviction. The
Court of Appeals denied the prosecutor's application for de-
layed appeal in an order dated January 10, 1992 (Docket No.
143522). The Supreme Court, in lieu of granting leave to
appeal, remanded the case to the Court of Appeals for consider-
ation as on leave granted. 439 Mich 980 (1992). The prosecutor
contends that the defendant's sentence for his conviction of
being an habitual offender violates the rule of proportionality.

The Court of Appeals held:

The sentence does not violate the rule of proportionality, and
the court did not abuse its discretion in constructing a sentence
to fit the defendant's particular circumstances even though the
sentence is less than the recommended sentencing guidelines'
minimum for the underlying offenses. The guidelines do not
apply in determining a sentence for a conviction of being an
habitual offender, and the court was not obligated to impose
enhanced punishment for the habitual offender conviction.

Affirmed.

FITZGERALD, P.J., dissenting, stated that the sentence is not
proportional to the seriousness of the crimes or the defendant's
criminal history, that the facts do not support the trial court's
reasons for the sentence, and that the defendant's sentence
should be vacated and the matter remanded for resentencing.

SENTENCES — HABITUAL OFFENDERS — SENTENCING GUIDELINES —
PROPORTIONALITY.

Sentences for convictions of being an habitual offender are not

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

See ALR Index under Habitual Criminals and Subsequent Offend-
ers.

subject to the sentencing guidelines, but are subject to the principle of proportionality; a trial court is not obligated to enhance a defendant's punishment upon convicting the defendant of being an habitual offender, and may impose a sentence that is less than the minimum recommended by the sentencing guidelines for the underlying offense.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Craig A. Daly,* for the defendant.

ON REMAND

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and W. J. CAPRATHE,* JJ.

MICHAEL J. KELLY, J. In this case of first impression, we hold that a sentence of eighteen to sixty months for an habitual offender, fourth offense, conviction, is not an abuse of discretion; that a downward departure from a recommended guidelines' minimum for the underlying offenses is within the discretion of the sentencing court; and that there is no obligation to enhance punishment upon conviction of being an habitual offender.

On May 21, 1991, defendant pleaded guilty of being an habitual offender, fourth offense, and, on June 6, 1991, was sentenced to eighteen to sixty months in prison. The judgment of sentence purports to set aside sentences for the underlying convictions of armed robbery and breaking and entering. The record shows, however, that the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court stated, "It is not necessary that I sentence you on the armed robbery or the breaking and entering, and so I will move directly to the habitual." Both sides agree that the guidelines' lowest minimum recommended sentence for the underlying offenses was five years. (The habitual offender sentence was to be served consecutively to a previous sentence, as specifically denoted by the court, but we are uncertain regarding the length of time left on that prior sentence before the habitual offender sentence of eighteen to sixty months begins). This Court denied the prosecutor's application for delayed appeal in an order dated January 10, 1992 (Docket No. 143522). The Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 439 Mich 980 (1992). The people contend that the habitual offender sentence violates the rule of proportionality set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We hold it does not.

While the sentencing guidelines are not applicable to habitual offender sentences, the sentences are subject to the principle of proportionality. Some panels of this Court, and many trial courts, use the sentencing guidelines as points of departure, or as reference points when setting habitual offender sentences. *People v Williams,* 191 Mich App 685; 479 NW2d 36 (1991). During the sentencing proceedings in this case, the court noted that it sometimes used the guidelines for the underlying offense as "guidance on the habitual." Even if the guidelines were applicable, downward departures would be appropriate if "objective and verifiable," and the court could consider postarrest as well as prearrest factors. *People v Hill,* 192 Mich App 102; 480 NW2d 913 (1991). Even if the guidelines were applicable, we believe the court had sufficient

objective and verifiable factors to justify the downward departure. In other words, analogizing must cut both ways. The trial court examined the crimes and criminal in context, found that defendant had maintained steady employment in New Orleans as a mechanic at Sears & Roebuck until the time of this arrest and extradition, had been involved in a stable relationship, was the father of a child, was engaged to be married to the mother, and had overcome a drug habit, and then concluded that defendant "had turned himself around." The guidelines, which the dissent concedes do not apply, but nevertheless upon which it relies, set a wide minimum range of five to twenty-five years. The trial court examined the crimes and criminal in context, including the defendant's profile, family, work habits, rehabilitation, and the five-year lapse before improved fingerprint techniques led to defendant's identification, and stated:

> The case which I am punishing you for is something that happened a long time ago, and if it were not for the improved fingerprint identification equipment, you probably would never have come to light to determine exactly whose thumbprints or fingerprints were on the piggy bank or whatever it was that was in the house back in 1985. I believe that you have turned yourself around.
>
> I think I've been around here long enough to know, and that is weighing very heavily in the eyes of this court.

The court then proceeded to sentence the defendant to eighteen to sixty months for the habitual offender conviction, plus six months to five years for a separate escape conviction to be served consecutively to the habitual offender sentence. In addition, the court noted that defendant still had

to serve the balance outstanding on the original sentence that he was serving at the time he walked away from the halfway house.

We find no abuse of discretion. The court constructed a sentence to fit the individual defendant's particular circumstances. It was not constrained by the guidelines computed on the underlying charges because the guidelines do not apply; nor was it obligated to impose enhanced punishment. *People v Hendrick,* 398 Mich 410, 424; 247 NW2d 840 (1976); *People v Bewersdorf,* 438 Mich 55, 66; 475 NW2d 231 (1991), cert den 502 US —; 112 S Ct 1214; 117 L Ed 2d 452 (1992). In *People v Willhite,* 155 Mich App 124, 127; 399 NW2d 57 (1986), this Court stated:

> Likewise, in the within case, where the minimum sentence imposed on defendant as an habitual offender is less than the minimum recommended by the guidelines for the underlying offense, we believe that the trial judge was not required to state any further specific reasons for the sentence.
>
> . . . The leniency exercised by the trial judge in sentencing defendant clearly indicates that the sentence was individualized here.

This Court, often required to pass judgment on sentences so great as to defy any reasonable measure of the defendant's mortality, seldom finds itself in the shallow end of the pool. We can find no constraints on leniency here. We disagree with the dissent that the facts do not support a downward departure from a guidelines' minimum that we all agree does not apply. We say only that we will not substitute our judgment for that of the trial court, and we find no abuse of discretion.

Affirmed.

W. J. Caprathe, J., concurred.

Fitzgerald, P.J. *(dissenting).* I respectfully dissent from the majority's conclusion that defendant's sentence is not disproportionate.

Defendant pleaded guilty of two counts of armed robbery, MCL 750.529; MSA 28.797, and one count of breaking and entering, MCL 750.110; MSA 28.305. Defendant also pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to a prison term of eighteen months to five years. The prosecutor's delayed application for leave to appeal to challenge the sentence imposed was denied by this Court in an order dated January 10, 1992 (Docket No. 143522). The Supreme Court remanded to this Court for consideration as on leave granted. 439 Mich 980 (1992).

On September 12, 1985, defendant and an accomplice broke into the victims' home at 1:50 A.M. The victims were awakened, assaulted with a handgun, bound with a telephone cord, and placed face down on their bedroom floor. While defendant was in the process of gathering numerous personal items from the victims' home, the son of one of the victims entered the house and confronted defendant and his accomplice. After a brief fight, the victim's son was forced at gunpoint into the bedroom where he was forced to lie down next to the other victims.

On appeal, the prosecution's only issue concerns the proportionality of defendant's sentence in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Although the sentencing guidelines do not apply to habitual offender sentences, *People v Sanders,* 163 Mich App 606, 612; 415 NW2d 218 (1987), the guidelines for the underlying offense are a useful

reference point for fashioning proportionate habitual offender sentences. *People v Malkowski,* 198 Mich App 610, 615; 499 NW2d 450 (1993); *People v Williams,* 191 Mich App 685, 686; 479 NW2d 36 (1991). Thus, a comparison of the sentence imposed to the guidelines' range for the underlying offense is useful in determining the proportionality of defendant's sentence.

The minimum recommended guidelines' range for the underlying offenses in this case was five to fifteen years. The trial court sentenced defendant to eighteen months to five years. Defendant's minimum sentence is nearly a threefold downward departure from the lowest end of the guidelines' range. The maximum sentence imposed was at the lowest end of the guidelines for the underlying offenses. Although a trial court is not obligated to impose enhanced punishment upon an habitual offender, *People v Bewersdorf,* 438 Mich 55, 66; 475 NW2d 231 (1991), no sentence enhancement occurred as a result of the habitual offender conviction.

A sentencing court is entitled to depart from the guidelines whenever the recommended ranges are considered an "inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn, supra* at 661. Departures are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing, or where the recommended sentence range is disproportionate, in either direction, to the seriousness of the crime. The key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs or adheres to the guidelines' recommended range. *Id.*

In this case, defendant's sentence is not even within the recommended minimum guidelines' range for the underlying offenses. As previously

noted, although the guidelines do not apply to habitual offender sentences, this Court has consistently utilized the guidelines as a gauge in determining whether a sentence imposed for an habitual offender conviction is proportionate. See *People v Cutchall,* 200 Mich App 396, 409-410; 504 NW2d 666 (1993); *People v Odendahl,* 200 Mich App 539, 540; 505 NW2d 16 (1993).

The trial court's reasons for sentencing defendant to eighteen months to five years were that the crime happened "a long time ago" and that she believed defendant had "turned himself around." However, neither factor is reflective of the seriousness of the crime involved or the criminal history of the offender, and neither factor is a legitimate sentencing concern under these circumstances. Had defendant been convicted and sentenced for these crimes at the time that they occurred, the trial court would not have had the opportunity to consider whether defendant had been living a life free of crime. The reasons given by the trial court effectively condone the defendant's acts of evading arrest for a crime, escaping from confinement, and fleeing the state.

The trial court's main reason for imposing a lenient sentence—that defendant "rehabilitated himself"—is not supported by the record. Defendant has an extensive criminal history consisting of seven prior felony convictions. In addition, defendant was on escape status at the time he was apprehended for the instant crimes, having walked away from a halfway house in June 1989. While at the halfway house, defendant had seven major misconduct violations and tested positive for marijuana use on four occasions. After escaping, defendant fled to Louisiana, where he lived until being arrested in February 1991. Thus, at most, defen-

dant lived twenty months without being involved in criminal activity.[1]

I am not suggesting that a defendant convicted as an habitual offender can never be sentenced below the minimum recommended guidelines' range for the underlying offense. In this case, however, I believe that the facts do not support the trial court's reasons for a sentence that, when compared with the guidelines for the underlying offenses, is a severe downward departure from the minimum recommended guidelines' range. Thus, I would hold that defendant's sentence is not proportionate to the offense or the offender and would vacate defendant's sentence and remand for resentencing.

---

[1] Although defendant was not convicted of any crimes during the time he was in Louisiana, given defendant's rather extensive criminal history, one cannot infer as fact that defendant was living a crime-free lifestyle. One could just as legitimately infer that defendant was merely able to avoid "being caught."