PEOPLE v JACKSON

Docket No. 176037. Submitted May 16, 1995, at Lansing. Decided
    June 6, 1995, at 9:20 A.M.

    James R. Jackson pleaded nolo contendere to a charge of arson of
    real property and pleaded guilty of being an habitual offender,
    third offense, in the Oakland Circuit Court, Jessica R. Cooper,
    J. The defendant was sentenced to a prison term of two to
    twenty years. The defendant appealed.

    The Court of Appeals *held:*

    1. The trial court properly scored Offense Variable 18 as
    fifteen points on the basis that the owner of the barn that was
    burned and her neighbor were injured when they attempted to
    save animals that were in the burning barn. The fact that
    those persons were not in the barn when the fire was started
    does not preclude consideration of their injuries for scoring
    purposes.

    2. The sentence imposed was not disproportionate.

    Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Arthur H. Landau,* for the defendant.

Before: FITZGERALD, P.J., and MARKMAN and M. F. SAPALA,* JJ.

PER CURIAM. Defendant pleaded nolo contendere to a charge of arson of real property, MCL 750.73; MSA 28.268, and pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. He was sentenced to a prison term of two

    * Recorder's Court judge, sitting on the Court of Appeals by assignment.

to twenty years. Defendant appeals as of right. We affirm.

The stipulated statement of facts presented at defendant's plea hearing reveals that defendant aided, abetted, and assisted others in intentionally setting fire to a barn owned by Rose Warden. The Presentence Investigation Report reveals that several animals perished in the fire. Warden and Frank Johnson, a neighbor who regularly assisted in tending to the animals, were injured when they attempted to save the animals that were housed in the burning barn.

On appeal, defendant contends that the trial court incorrectly scored Offense Variable 18, which permits the assessment of fifteen points for acts resulting in injury to a person. Specifically, defendant argues that because Warden and Johnson were not in the barn at the time the fire was started, their injuries were not a result of the fire. We disagree. Just as the act of starting a fire creates a threat to the lives of fire fighters who may respond to the fire, *People v Love,* 144 Mich App 374, 377; 375 NW2d 752 (1985), the act of starting the fire in this case resulted in injury to those persons who attempted to salvage property from the burning barn. Thus, we believe that the assessment of fifteen points was proper.

Next, although the sentencing guidelines do not apply to habitual offenders, *People v Oelberg,* 197 Mich App 346, 347; 494 NW2d 869 (1992), defendant's sentence, which is within the minimum recommended guidelines' range for the underlying offense, is not disproportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.