*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL GALAVIZ,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 358670
Allegan Circuit Court
LC No. 1994-009559-FC

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by right the trial court's judgment of sentence following a remand by this Court. Defendant was convicted in 1994 of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b (personal injury); one count of assault with intent to rob while unarmed, MCL 750.88; and one count of breaking and entering with intent to commit a larceny (B&E), MCL 750.110. The trial court originally sentenced defendant to consecutive prison terms of 600 to 900 months for the CSC-I conviction, 240 to 360 months for the assault with intent to rob conviction, and 240 to 360 months for the B&E conviction. Defendant appealed, claiming in relevant part that, in determining his sentence, the trial court erred by taking into consideration disciplinary credits that defendant might earn while incarcerated. See *People v Galaviz*, unpublished per curiam opinion of the Court of Appeals, issued May 28, 1996 (Docket No. 180354), p 3, lv den 454 Mich 867 (1997). This Court agreed (because, as an habitual offender, defendant would not earn disciplinary credits and would not be eligible for parole until he had served his minimum sentence) and remanded for resentencing.[1] *Id.* After our remand, the trial court resentenced defendant as a third-offense habitual offender, MCL 769.11, to consecutive

---

[1] This Court also directed the trial court not to consider defendant's refusal to admit guilt when it resentenced him.

prison terms of 480 to 900 months for the CSC-I conviction, 120 to 360 months for the assault with intent to rob conviction, and 120 to 240 months for the B&E conviction.[2]  We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

In 1994, defendant broke into his coworker's home, sexually and physically assaulted her, and demanded money.  A jury convicted defendant on all counts.  The Michigan Department of Corrections prepared an updated pre-sentencing information report (PSIR) for defendant's resentencing; however, the new PSIR did not contain an updated minimum sentencing guidelines range.  Defendant's original PSIR had indicated a minimum sentencing guidelines range of 240 to 480 months for his CSC-I conviction.  Defendant did not object to the use of his original guidelines range at the resentencing.  The prosecution argued that the high end of the guidelines range, 480 months, was appropriate considering the violent nature of defendant's offenses and the impact on the victim.  Defendant requested a minimum sentence of 300 months for his CSC-I conviction, stating that he was no longer a threat to society, that his family was eager to support him, and that his physical health was declining.

The trial court noted on the record that defendant had written the trial court a letter stating that he had taken responsibility for what he had done.[3]  However, the trial court also stated:

> At the same time I do have to acknowledge that this is a very serious case that involved very disturbing facts and it resulted in the brutal rape of woman who didn't deserve to be treated in the way that you treated her.
>
> And so when I look at sentencing I have to consider what is reasonable and proportionate to the crime and I have to look at various goals of sentencing which include rehabilitation and punishment also and protection of society.

The trial court further noted that defendant had accumulated 138 misconduct violations during his time in prison, although to defendant's credit, none of those were in the most recent two years.  The trial court stated that defendant was said to be "a management problem," both in prison and in the county jail.  Also, defendant had not yet received sex-offender treatment at prison because of a wait list; the trial court concluded that releasing defendant before he was given that rehabilitative opportunity "would have a risk to society . . . based on what happened in this case."

---

[2] Defendant had already completed his original sentences for B&E and assault at the time of resentencing, and was only serving time on his CSC-I sentence.  Nonetheless, the trial court resentenced defendant for all three offenses but noted that defendant had already completed his B&E and assault sentences.

[3] The trial court also indicated that although defendant had not admitted to the crime at the time of his initial sentencing, it was not considering that fact for purposes of determining defendant's new sentence.  Further, the trial court stated that it specifically was not considering that defendant was "entitled to good time credits."

The trial court resentenced defendant as described. The trial court noted that all three sentences reflected defendant's third-offense habitual offender status. Defendant was given credit for 10,052 days served. This appeal followed.

## II. STANDARD OF REVIEW

Defendant argues on appeal that the trial court erred by not stating whether it was *required* to follow the sentencing guidelines when it resentenced defendant. Because defendant's sentence was within his guidelines range and he did not raise this issue at resentencing, in a motion for resentencing, or in a motion to remand, the issue is unpreserved. *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). When an issue is unpreserved, this Court reviews the record for plain or obvious error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

## III. ANALYSIS

Defendant argues that the trial court erred by referring to the applicable guidelines range when sentencing defendant as a third-offense habitual offender, but without stating that the sentencing guidelines were advisory. We disagree.

Information used to score sentencing guidelines must be accurate. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). If the trial court bases its sentence on inaccurate information and the sentence falls within the minimum sentencing guidelines range, the defendant is entitled to be resentenced. *Id*. at 88-89. On the other hand:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. [MCL 769.34(10); see *People v Garza*, 469 Mich 431, 422-423; 670 NW2d 662 (2003).]

Defendant's argument is difficult to parse, but it appears that defendant contends that the trial court relied on inaccurate information when resentencing defendant. Specifically, defendant states that "there was no indication that the trial court knew that the guidelines were not applicable at the time of [defendant's] original sentencing and relied on incorrect information in sentencing him." In other words, defendant argues, "it is unknown if the trial court realized that it was not compelled to follow the guidelines when it issued a maximum guidelines sentence of 480 months."

To the extent that defendant argues that the trial court believed it was required to sentence defendant within his sentencing guidelines range, defendant has not established a factual or legal basis for this argument and has not demonstrated plain error. Our Supreme Court held in 2015 that Michigan's sentencing guidelines were advisory for all offenders. *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In 1994, when defendant committed the offenses for which he was resentenced, the sentencing guidelines were mandatory *except* for defendants sentenced as habitual offenders. See *People v Cervantes*, 448 Mich 620, 625; 532 NW2d 831 (1995). At the time defendant was originally sentenced, the sentencing guidelines for habitual offenders were considered advisory and habitual offenders were to be given an enhanced sentence that comported with the principles of proportionality under *People v Milbourn*, 435 Mich 630; 461 NW2d 1

(1990).  *People v Williams*, 191 Mich App 685, 686; 479 NW2d 36 (1991).  In other words, the sentencing guidelines in 1996 were no more mandatory for defendant than the sentencing guidelines are today for all offenders under *Lockridge*; whether the trial court applied the law as it existed at the time of defendant's original sentencing or as it exists today would not have made a material difference.

Defendant has not presented any evidence that the trial court considered the sentencing guidelines to be mandatory as applied to defendant; he instead relies simply on the fact that the trial court did not expressly state on the record that the guidelines were not mandatory.  But the trial court was not required by the law or court rule to make an explicit statement concerning the law on this issue; it was only required to correctly apply the law.  See *People v Yeoman*, 218 Mich 406, 415; 554 NW2d 577 (1996).  There is no basis on which to conclude that it did not do so.  Further, the law at all relevant times rendered the sentencing guidelines advisory with regard to defendant's sentence.  Defendant has not demonstrated plain error.  *Carines*, 460 Mich at 764.[4]

Affirmed.


/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

---

[4] In arguing that the trial court's alleged error was not harmless, defendant also makes the brief statement that defense counsel was ineffective at resentencing when he did not bring this alleged inaccuracy to the trial court's attention.  Defendant did not present this allegation as an issue on appeal, and we could decline to consider it on that basis.  See MCR 7.212(C)(5); *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009).  In any event, because defendant has presented no evidence that the trial court in fact sentenced defendant on the basis of inaccurate information, defendant cannot demonstrate prejudice from his counsel's alleged failure to raise this issue.  See *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).